**DUVAL v. PROTES et al.**
**Civil Action No. 2767.**

District Court, E. D. New York.

Aug. 29, 1942.

Abraham M. Marquit, for plaintiff, for the motion.

Hyman I. Fischbach, of New York City, for defendants, opposed.

CAMPBELL, District Judge.

This is a motion to remand to the City Court of the City of New York, County of Kings, a state court, in which it was instituted, the above entitled action, which was brought to recover a sum of money claimed to be due plaintiff, by virtue of the provisions of the "Fair Labor Standards Act of 1938", Section 16(b), 52 Stat. 1069, 29 U.S.C.A. § 216(b), for the recovery of wages and additional liquidated damages specified in said act, and for a sum of money for attorney's fees.

This action was removed to this Court on the application of the defendants, on the ground that the controversy in this action arises solely under the provisions of said "Fair Labor Standards Act of 1938", which is a law regulating commerce.

The action in question is not for a penalty.

Under the provisions of the Act, Section 16(b), supra, an action for such recovery, as in the case at bar, "may be maintained in any court of competent jurisdiction."

There have been a number of decisions rendered by District Courts of the United States on the question of whether State Courts are Courts of competent jurisdiction and, whether such actions, if brought in the State Courts, are removable to the United States District Court, and they are not uniform, but, on the reasoning of the following named cases, which I approve and accept, towit: Wingate v. General Auto Parts Co., D.C., 40 F.Supp. 364 and Booth v. Montgomery Ward & Co., D.C., 44 F.Supp. 451. The motion to remand is granted.