**FREDMAN v. FOLEY BROS., Inc., et al.**

No. 1456.

District Court, W. D. Missouri, W. D.

May 28, 1943.

Clyde Taylor, of Kansas City, Mo., for plaintiff.

Michaels, Blackmar, Newkirk, Eager & Swanson, Kenneth E. Midgley, and Bert E. Church, Captain, J. A. G. D. Litigation Officer, Seventh Service Command, all of Kansas City, Mo., for defendants.

OTIS, District Judge.

This case was removed from the state court. It was brought under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., by plaintiff, an employee of defendants, on his own behalf and on behalf of other employees whose agent he is, to recover claimed unpaid compensation and for liquidated damages. The total amount sued for is $19,200. There is diversity of citizenship between plaintiff and defendants. A motion to remand has been argued and is now to be ruled.

There is a conflict between district courts as to whether a case of this character is removable. One group holds that it is not, another that it is. Since I already have expressed my views in Wingate v. General Auto Parts Co., D.C., 40 F.Supp. 364 (although that was not a case in which more than $3,000 was involved, probably not a significant distinction), I shall not now write largely. My purpose in writing anything is to make it clear to counsel who have ably argued the motion that I have considered their contentions. I do not expect to enrich the literature which already has accumulated. Moreover, the most laboriously constructed opinion of a district judge is likely to be flattened out by a puff of wind emanating from higher altitudes.

The underlying question is simple. The courts which have said that a case like this is not removable say that Congress legislated to that effect when it provided in the act that "Action to recover [liability under the act] may be *maintained* in any court of competent jurisdiction * * *". Section 216(b). Since there is no controversy that a state court is a "court of competent jurisdiction," they say that the provision that an action may be *maintained*, e. g., in the state court of Jackson County, whence this case was removed, can only mean that it may be instituted originally in that court and carried through to judgment in that court and, hence, that it is not removable. For convenience only (not that the word fits precisely) we may call this the *liberal* interpretation.

Courts which have said that a case like this is not removable contend that the

dictionary meaning is not to be given to the word "maintained." They would give such a meaning to the clause, "may be maintained in any court of competent jurisdiction," as this: The action may be *brought* in any court of competent jurisdiction and thereafter shall take its course in a regular manner. For convenience we may call this the *reactionary* interpretation. It is reactionary only in that it would preserve the old situation against the seeming purpose of the Congress.

Now it avails nothing to say that to give the reactionary interpretation to a common non-technical word like "maintained" is to distort the word's usual significance. Let us avoid that. Let us say *arguendo* that the bizarre meaning asserted is a possible meaning. Then we have two possible meanings, the usual meaning and the bizarre meaning. And we must choose between them. *To choose between them is not to legislate, but to interpret,* a proper judicial function. Which is the more reasonable interpretation?

1. We know that Congress had in contemplation, when it said "any court of competent jurisdiction," *federal courts* and *state courts.* We know that it had in mind laborers' wages and actions for their recovery. Congress knew that, generally, such an action would involve a small amount, far less than $3,000. Obviously Congress intended to serve the interest of *employees* when it provided that actions might be "maintained" in any court of competent jurisdiction. All these propositions may be said to be self evident. Who will deny any of them? Who will deny that the purpose of the whole act is to serve the interests of employees? If that purpose were not sufficiently revealed in every line, it is expressly declared in the declaration of policy set out in Section 202(a).

When, exercising a judicial function, we must choose between two possible interpretations, is it not reasonable to take that which serves the purpose of the act and to reject that which defeats it? But it is idle to say—let us not waste words upon it—that the interests of employees are not better served if they may begin a suit to recover wages due in a state court and then maintain it there until judgment. A closet academician might say the interests of employees would be as well served under the reactionary as under the liberal interpretation. No lawyer will say that,

whose intellectual umbilical cord has been cut. Especially will no lawyer say that when it is considered that it is the theory of the removing defendant here—frankly admitted at the oral argument—that *every* case is removable, even the ten dollar cases.

2. Not only does the liberal interpretation serve the purpose of the act and the reactionary interpretation defeat it, it also conforms with the elementary rule that every word used in a statute is to be given significance, its natural and usual significance, if that is possible (not some archaic or colloquial meaning). It is true that one, asserting a proposition in argument, will sometimes say—"I maintain the proposition," meaning he *asserts* the proposition and that he intends to continue to assert it. But even that secondary meaning never is so emasculated as to be synonymous with—"I shall begin to assert." He will be put to it who can, convincingly, substitute any word or any phrase for the word "maintained" which substituted word or phrase means—"may be instituted in any court and there continued to judgment unless removed." Why did not Congress use the word "begun," or "filed", or "commenced" or "instituted", if Congress meant no more? They are simple words, words in daily use, as simple as "maintained." It did not use them.

3. But let us consider the arguments for the reactionary interpretation. It is argued that, except for the word "maintained" in Section 216(b) any case brought to enforce liability under the act, whatever the amount involved, at least where there is diversity of citizenship, undoubtedly would be removable. The soundness of the argument must be conceded. Prior to the enactment of the Fair Labor Standards Act, which is expressly declared, in Section 202 (b), to be an act regulating commerce, the district courts of the United States were given jurisdiction "Of *all* suits and proceedings arising under any law regulating commerce." 28 U.S.C.A. § 41(8). It was expressly provided (in 28 U.S.C.A. § 41 (1) that the $3,000 provision should not apply to suits arising under Section 41(8). And it was provided in 28 U.S.C.A. § 71, that any "suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction" may be removed from a state court by a defendant non-resident of the state. With full knowledge of these provisions of law the Congress wrote in the Fair Labor

Standards Act that an action to enforce liability under the act "may be *maintained* in any court of competent jurisdiction." What are the arguments for interpreting the phrase *"may be maintained"* as meaning only, *may be begun* or *may be instituted* or *may be commenced?*

This is the first argument. There have been cases, it is said, in which the word "maintained" is used synonymously with "commenced." This argument is presented in Owens v. Greenville News-Piedmont, D.C., 43 F.Supp. 785 and Ricciardi v. Lazzara Baking Corp., D.C., 32 F.Supp. 956. But if those cases are examined (they are cited in 38 C.J. 336) they lend little support to the reactionary interpretation of the statute here considered. The most that any of them holds is that where the *context* clearly indicates that the word "maintained" is used in some lesser significance than its ordinary meaning then that lesser significance is to be adopted. No one doubts that. But is there anything in the context here that suggests that "maintained" is used as synonymous with "commenced." If one thinks so, let him substitute the word "commenced" for the word "maintained." Then we have: "Action to recover such liability may be *commenced* in any court of competent jurisdiction." But would Congress expressly give a right which already existed. Certainly one may *commence* a suit in a court of competent jurisdiction. And would Congress merely authorize the *commencement* of an action, making no provision whatever for its future course? The argument is not sound. If we seek the true meaning of "maintained" in the context the usual and ordinary meaning is the one suggested.

Not only does the context fail to support the reactionary interpretation, it emphasizes the liberal interpretation. For it will be noted that the subsection (§ 216(a)) immediately preceding the one (§ 216(b)) we are now considering has to do with criminal penalties, of which, of course, the federal courts have exclusive jurisdiction. Congress desired to make it clear that, as to civil liability (in contrast with criminal liability), the jurisdiction was "in any court of competent jurisdiction." Civil liability is set off against criminal liability. The latter only can be maintained in a federal court (begun and carried through to judgment there). But civil liability, that may be maintained in either a state or federal court, i. e., instituted and carried through to judgment.

The context still further supports the liberal interpretation. The provision that action "may be *maintained* in any court of competent jurisdiction" immediately is followed, in the same sentence, by "employees may designate an agent or representative to *maintain* such action." The verb "maintain" is used twice in the same sentence, presumably with the same meaning. Certainly, however, it was not meant that an agent should merely "commence" or "institute" or "begin" an action. The agent is to "maintain" the action, that is, to carry it through to judgment. But that is exactly what we have spoken of as the liberal interpretation of the word "maintained" in the phrase "maintained in any court of competent jurisdiction."

4. A second argument used against the liberal interpretation is this: Congress could have expressly provided that no case under the act instituted in a state court should be removable from that court. In other acts Congress has done that, it is said. Congress could have done that here and did not. But Congress is bound by no formula. If the meaning is clear, effect is to be given to it, whatever formula is used. The meaning is clear when it is said: "Action to recover such liability may be *maintained* in any court of competent jurisdiction." Indeed it will be found by a little experimentation that the most concise, clear and succinct language was used to convey the idea involved in the liberal interpretation and that, in this instance, to use the words, "shall not be removable" would necessitate involved language not a whit more clear than the language used.

■ 5. We have read all the cases. What seems to us the best discussion of the subject is that by Judge Delehant in Booth v. Montgomery Ward & Co., D.C., 44 F. Supp. 451. His conclusion coincides with ours. Learned counsel for the removing defendant in this case criticize Judge Delehant's opinion, saying that it proves too much, that it proves that a judgment cannot be appealed (if *maintain* means to prosecute to *final* judgment) and that a change of venue cannot be taken (if "maintained" means that the case must proceed in the court in which it was instituted). But this criticism does not appear convincing. We are dealing here with an act of Congress. Congress has no power to prevent appeals or changes of venue in state courts nor to

legislate upon those subjects. An act of Congress must be so interpreted as that it is valid. Congress did have the power to define the jurisdiction of federal courts. The word "maintained" was used in that connection and has·a sensible meaning when so used· and must be given that meaning.

6. There is a final argument advanced by the removing defendants for jurisdiction in this court. We quote from the brief of counsel: "The case is removable because it arises under federal law exclusively, in that it involves employment on federally owned land, in the prosecution of a federal war project, necessarily under contract with the federal government." But there is not a word in the petition brought here from the state court which supports any part of the proposition excepting this: The petition does say that the employees involved were employed by defendants in constructing buildings "known as Lake City Ordnance Plant." It is said that we must take judicial notice that "Lake City Ordnance Plant" is a government reservation.

If it be conceded arguendo that judicial notice should be taken that Lake City Ordnance Plant is a government reservation, of what significance is that? The petition to remove suggests, in paragraph 9 thereof, that the Fair Labor Standards Act does not apply to employees of corporations having contracts for the construction of buildings on a government reservation. And that may be a fact. Certainly, however, it is a conclusion bottomed on several facts of which judicial notice cannot be taken and it is diametrically contrary to the allegations of the petition brought here from the state court.

We consider that this case must be regarded now as an action brought under the Fair Labor Standards Act. If the Act does not apply the plaintiff cannot recover in this case. The facts on account of which it does not apply, if, indeed, it does not apply, must be set up in some responsive pleading. Judicial notice cannot be taken of them, even if judicial notice may be taken of the fact that the Lake City Ordnance Plant is a government reservation.

If the Fair Labor Standards Act does apply and if the interpretation we have given to that act, set out in the first part of this memorandum, is correct, then, of course, the case is not removable.

### Order.

The motion to remand should be sustained. It is sustained. So ordered.