### ADAMS v. LONG et al.

No. 1670.

District Court, W. D. Missouri, W. D.

Dec. 31, 1943.

E. Robert Klein, of Kansas City, Mo., for plaintiff.

H. M. Langworthy, Carl D. Matz, Clyde J. Linde, and E. F. Halstead, all of Kansas City, Mo. (Langworthy, Matz & Linde, of Kansas City, Mo., of counsel), for defendants.

REEVES, District Judge.

The question for decision in this case is whether a federal question appears from the face of the complaint, and, even if so, whether this court should exercise jurisdiction. The suit is filed under the provision of Section 216, Title 29 U.S.C.A., being the Fair Labor Standards Act, and the total amount claimed is $1,161.10. It is a claim for overtime under Section 207 of said Title 29 U.S.C.A. The only averment in the complaint pertinent to the question under discussion is as follows: "* * * that at all times herein mentioned there were in full force and effect the following statutes and Executive Orders of the United States of America and the President thereof, to wit:—The Act known as the Fair Labor Standards Act of 1938 * * * hereinafter referred to as the Act and Executive Order number 9240 and (as amended by Executive Order number 9248 [40 U.S.C.A. § 326 note]), hereinafter referred to as 'Executive Orders'; that under and by virtue of the terms of said Act and of said Executive Orders, the defendants were obligated to pay this plaintiff upon an hourly basis for each hour of work within any work week up to forty hours inclusive, at the rate of ninety-three and three quarters cents ($.9375) per hour; for each hour in excess of forty hours in any work week at hourly rate of one dollar forty and six tenths cents (1.406) and for Sunday work, where such Sunday work was the seventh day in his work week, at the rate of one dollar and eighty seven and one half cents per hour ($1.875)."

The petition for removal contains a recital that: "It appears upon the face of plaintiff's said petition that the plaintiff in this action seeks to recover from defendants additional compensation or wages amounting to $443.05, and a further sum of $443.05 as liquidated damages, and an attorney fee in the sum of $275.00, alleged by plaintiff to be due him under and pursuant to the terms and provisions of the Act known as the Fair Labor Standards Act of 1938 * * * and under and pursuant to the terms and provisions of Executive Order No. 9240, as amended by Executive Order No. 9248."

The petition for removal makes mention of other Acts of Congress not included or referred to in the complaint. The defendants then conclude that:

"* * * it is a suit or proceeding arising under a law of the United States regulating commerce, and because it is a suit or proceeding arising under the said Inflation Control Act of 1942, and under the Constitution and Statutes of the United States, and the aforesaid Executive Orders issued thereunder.

"* * * Said action is one of which the District Courts of the United States are given original jurisdiction."

■ 1. Preliminary statements of the law as a postulate and background for a decision should be made: "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. * * * The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another."

Moreover, "A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto * * * and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Gully v. First National Bank, 299 U.S. 109, loc.cit. 112, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70.

In the foregoing lucid opinion, Mr. Justice Cardozo (loc.cit. 113 of 299 U.S., loc.cit. 98 of 57 S.Ct., 81 L.Ed. 70) suggested that theretofore the courts had not been as exacting as at the time the opinion was delivered; observe his language: "Looking backward we can see that the early cases were less exacting than the recent ones in respect of some of these conditions. If a federal right was pleaded, the question was not always asked whether it was likely to be disputed."

The court then explained the more exacting rule prescribed by the courts as follows: "Partly under the influence of statutes disclosing a new legislative policy, partly under the influence of more liberal decisions, the probable course of the trial, the real substance of the controversy, has taken on a new significance. 'A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends.'" The learned Justice cited many cases in support of the proposition laid down by him.

In the case of Armstrong v. Alliance Trust Co., 126 F.2d 164, 167, the Court of Appeals, Fifth Circuit, said: "The federal question must clearly appear on the face of the declaration or complaint as an essential and integral part of the plaintiff's statement of his own case, not in anticipation of a defense that may be interposed by an adversary party. A federal question merely incidental or collateral to the main controversy is not the basis of the suit and is not enough to deprive the state court of jurisdiction upon petition for removal by the defendant."

The Tenth Circuit Court of Appeals in Viles v. Symes et al., 129 F.2d 828, loc. cit. 830, announced the same rule and adhered to such rule in Burke v. Union Pac. R. Co., 10 Cir., 129 F.2d 844. The Fourth Circuit Court of Appeals, in Barnhart et al. v. Western Maryland R. Co., 128 F.2d 709, announced an identical principle in clear language.

2. It will be observed from the complaint that the plaintiff simply asserts a right of recovery upon the provision of federal statutes clear and explicit in their terms, to which is added without construction an executive order. He does not suggest a right springing from said statutes and executive order that might be controversial but he predicates his claim upon the clear and uncontrovertible provisions of the law. Even the defendants in their petition for removal do not indicate even a possible controversy as to the correct interpretation of the statutes and executive order. A federal question neither appears clearly from the face of the complaint nor does it appear in the removal proceedings.

3. The amount in controversy is below the usual jurisdiction of the court. However, the statute authorizing the suit, being said Section 216, Title 29 U.S.C.A. specifically provides that: "Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, * * *."

This has been construed to mean that without regard to the amount in controversy suits may be filed either in the federal court or in a state court. Furthermore, it has been ruled that even though the national courts have original jurisdiction, yet such cases, when filed in a state court, are not removable. Section 41, Title 28 U.S.C.A., provides for the original jurisdiction of federal courts in ordinary litigation. By this provision the court can only have jurisdiction where a federal question is involved if the amount in controversy exceeds $3,000. Federal questions may be raised in litigation where the amount is below this sum but the federal courts could not exercise jurisdiction. The

amount in controversy here is far below $3,000 and while the court has original jurisdiction on the merits of the case it hasn't jurisdiction so as to warrant a removal except in those cases where the amounts in controversy would aggregate $3,000. The removal statute, being Section 71, Title 28 U.S.C.A., provides that cases can only be removed where the national court has original jurisdiction and the amount involved exceeds $3,000. Even if a federal question had obtruded itself, which it has not, the defendants would not be entitled to remove for the reason that the amount in controversy is below $3,000. It would follow that this case was not properly removed and should be remanded to the state court where it was originally lodged.

The defendants have asked for oral arguments on the motion to remand. The authorities are so clear and convincing and it appears so obvious that oral arguments would be an unnecessary use of time for counsel that the request will probably be withdrawn. If, however, in view of this memorandum, counsel still believe that they have a point worthy of discussion arrangements will be made for such arguments. An order remanding the case will be withheld until counsel have indicated their further wishes.