## STEINER v. PLEASANTVILLE CONSTRUCTORS, Inc.

District Court, S. D. New York.

April 24, 1944.

Henry Amster, of New York City, for plaintiff.

James B. M. McNally, U. S. Atty., of New York City (R. Lewis Townsend, Asst. U. S. Atty., of New York City, of counsel), for defendant.

GODDARD, District Judge.

Motion to remand to the State Court an action to recover overtime compensation

under the Fair Labor Standards Act. The amount involved exceeds $3,000 and there is diversity of citizenship. On this ground, also on the ground that the suit arises "under any law regulating commerce," 28 U. S.C.A. § 41(8), the defendant removed the action to this court pursuant to the Judicial Code, 28 U.S.C.A. § 71.

The plaintiff urges that the action is not removable to this court as the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), expressly provides that an action to recover such compensation under the act "may be maintained in any court of competent jurisdiction".

The question has been passed upon by several district courts and their decisions are in conflict. The reasons pro and con are discussed in the opinions. Those holding that the action is not removable are, I think, more convincing. See Brantley v. Augusta Ice & Coal Co., D.C., 52 F.Supp. 158, and cases there cited for and against removal; also Richard Sheridan v. Nicholas A. Leitner et al., 59 F.Supp. 1011, opinion of Bondy, J., Southern District of New York, January 8, 1944.

Whether the action is to stay in the State Court depends upon the intention of Congress in using the word "maintain". "To maintain" means something more than "to commence". In Moore Ice Cream Co. v. Rose, 289 U.S. 373, at page 377, 53 S.Ct. 620, 77 L.Ed. 1265, it is clearly indicated that the word "maintain" means "to continue".

The Fair Labor Standards Act, § 16, 29 U.S.C.A. § 216(b), the section now under consideration—says: " * * * action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees * * * or such employee or employees may designate an agent or representative to maintain such action * * *."

In providing that the employees may designate a representative to "maintain" the action, Congress certainly did not mean that the representative could merely commence the action for the employee; it clearly intended that the representative would continue to prosecute it to final judgment, and in using the same words in the same sentence three lines above, it is reasonable to assume that Congress intended that it should have the same interpretation.

The only purpose I can see for including in this section 216(b) that the action "may be maintained in any court of competent jurisdiction" was to provide that the action be retained in that court and prosecuted to final judgment without being compelled to submit to a removal, for it was not necessary to include this to confer jurisdiction on either the federal or state courts as each of them was a court of competent jurisdiction.

The motion to remand is granted.

Settle order on notice.