**ELLEMS v. NICK F. HELMERS, Inc., et al.**

**McCOY v. SAME.**

**STULZ v. SAME.**

Nos. 3991–3993.

District Court, E. D. New York.

Sept. 14, 1944.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y., for plaintiffs.

Irving I. Friedman, of New York City, for defendants.

ABRUZZO, District Judge.

This is a motion to remand the action to the Municipal Court of the City of New York.

The action arises out of the Fair Labor Standards Act of 1938, U.S.C.A., Title 29, §§ 201–219. It was originally commenced in the Municipal Court of the City of New York. By order it was removed to this Court under Section 71, U.S.C.A., Title 28, which provides:

"Section 71. (Judicial Code, section 28, amended.) Removal of suits from State courts. Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district. * * *"

Therefore, the order of removal from the Municipal Court of the City of New York to this Court was properly granted under that section. That the Municipal Court has concurrent jurisdiction to this Court there can be no doubt.

I am now asked to vacate the owner of removal. I see no reason why I should do this in view of the fact that the order was properly granted. The district courts seem to be in conflict with respect to the interpretation to be accorded Section 71, but the language is clear, unequivocal, and gives the right of removal. It seems to me that whatever discretion there might be in these matters lies with the court to whom the petition for removal is presented.

In spite of this conflict in the district courts, I believe the reasons set forth

in the decisions permitting removal seem to be more sound than those against removal. Owens v. Greenville News-Piedmont, D.C.W.D.,S.C., 43 F.Supp. 785; Sonnesyn v. Federal Cartridge Co., D.C.Minn., 54 F.Supp. 29.

Motion denied.