**SMITH v. DAY & ZIMMERMAN, Inc.**
**LAIRD et al. v. SAME.**

Civil Actions Nos. 156 and 157.

District Court, S. D. Iowa, E. D.

Feb. 28, 1946.

210

J. C. Pryor, of Clark, Pryor, Hale & Plock all of Burlington, Iowa, for plaintiffs.

Ben P. Poor, of Kuhlemeier, Poor, Fischer & Cray, all of Burlington, Iowa, for defendant corporation.

DEWEY, District Judge.

The above entitled actions having been duly removed from the District Court of Des Moines County, Iowa, plaintiffs have filed motions to remand. Such motions came on for hearing in open court at Des Moines, Iowa, on the 15th day of February, 1946; plaintiffs appearing by their attorney, John C. Pryor, and the defendant by its attorney, Ben P. Poor, and the questions raised by the motion were submitted.

Both attorneys have presented exhaustive written briefs, which were submitted in addition to the oral arguments had in open court.

Whether the provisions of the Fair Labor Standards Act show a clear intention of Congress to give State courts jurisdiction of actions to recover thereon, without a right of removal, has been before the district courts for several years and I read most, if not all, of the decisions as they have been reported in the Federal Supplement. As a matter of first impression when the matter was first suggested by these decisions and upon an examination of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., under the provisions of which the question here arises, I was of the opinion that it was the intention of the Congress to authorize the state courts as well as the national courts to hear and determine questions arising under the Act without a right of removal.

It seems to me that the provisions of the Act clearly indicate such a purpose on the part of the Congress. As said by Judge Otis in the case of Fredman v. Foley Bros., D.C., 50 F.Supp. 161, 162—

"Who will deny that the purpose of the whole act is to serve the interests of employees? If that purpose were not sufficiently revealed in every line, it is expressly declared in the declaration of policy set out in Section 202(a)."

Such a purpose is also indicated by the provisions of the Act that an employee may bring an action for all other employees similarly situated. Also, as stated by Judge Lovett in Brantley v. Augusta Ice & Coal Co., D.C., 52 F.Supp. 158, 160—

"The clause allowing suits to be maintained in any court of competent jurisdiction becomes meaningless unless it is interpreted as amendatory of the Removal Statute and preventing removal."

No legislation was needed to vest either federal or State courts with jurisdiction. The federal court had jurisdiction under the provisions of Section 41(8), Title 28 U.S.C.A., as being a law regulating commerce; Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285, 286; and the State courts also have jurisdiction, being courts of general jurisdiction.

Further quoting Judge Lovett:

"Courts should not interpret a statute so as to make parts of it surplusage unless no other construction is reasonably possible; a construction which would render a section or clause superfluous is to be avoided. While Congress may express itself tautologically a conclusion or interpretation that it has done so is to be avoided if fairly possible."

It is this background that gives the word "maintain" such a controlling significance.

I am conscious of the rule relied upon by the defendant that repeals by implication are not favored, and as stated by Judge Joyce in Sonnesyn v. Federal Cartridge Co., D.C., 54 F.Supp. 29, 36, that:

"It may be presumed that Congress, in enacting a statute, acts with full knowledge of existing statutes relating to the same subject, and where express terms of repeal are not used, the presumption is always against an intention to repeal an earlier statute."

But it is the intention of the Congress that prevails and where the terms of the statute clearly indicate an intention to override another statute, the presumption is overcome.

It is therefore ordered that the above two entitled cases be and the same are hereby ordered remanded to the District Court of Des Moines County, Iowa, from which they were removed, and the Clerk will take appropriate action and proceedings to carry this order into effect.