## SWETTMAN et al. v. REMINGTON RAND, Inc.

### Civil Action No. 634.

District Court, S. D. Illinois, S. D.
April 17, 1946.

A. M. Fitzgerald, G. W. Cullen, and Walter Day, all of Springfield, Ill., for plaintiffs.

Alfred F. Newkirk and George K. Blanchard, both of Springfield, Ill. (Giffin, Winning, Lindner, Newkirk & Jones, of

Springfield, Ill., of counsel), for defendant.

BRIGGLE, District Judge.

This suit, orginally filed in the Circuit Court of Sangamon County, Illinois, seeks recovery under the Fair Labor Standards Act of 1938 of the sum of $3000 alleged unpaid overtime compensation, the further sum of $3000 as liquidated damages, reasonable attorneys fees and costs (for each plaintiff). The defendant, Remington Rand, Inc., a Delaware corporation, licensed to do business and doing business in the State of Illinois removed the cause to this Court upon the following grounds, namely:

1. Diversity of citizenship;

2. That the action is a suit arising under a law regulating commerce to-wit: the Fair Labor Standards Act of 1938 (Title 29, §§ 201–219 U.S.C.A.); and

3. That the action is a suit arising under the constitution and laws of the United States wherein the amount involved exceeds $3000 exclusive of interest and costs. The plaintiffs have aptly filed their motion to remand.

At the hearing on the motion to remand it was conceded by counsel for plaintiffs that adequate grounds exist for original jurisdiction of this Court and also for removal jurisdiction unless the language of the Fair Labor Standards Act of 1938 itself prevents the removal of the case once commenced in the State Court.

Section 16(b) of the Act, 29 U.S.C.A. § 216(b), is as follows:

"(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

Counsel for plaintiffs urge that Congress in providing that such "action to recover such liability may be maintained in any court of competent jurisdiction," etc., intended that an employee might choose his forum, either State or Federal, and once he had selected the same the defendant was powerless to change it, but the case must proceed to final judgment in such original Court. In effect, it is plaintiff's contention that Congress intended to amend the Removal Statute, 28 U.S.C.A. § 71, by excepting from the provisions thereof any case by employees against their employers and arising under the Fair Labor Standards Act.

It does not appear that this precise question has ever yet been passed upon by either the United States Supreme Court or by any of the Circuit Courts of Appeal. In Mid-Continent Pipe Line Co. et al. v. Hargrave, 129 F.2d 655, the Circuit Court of Appeals for the 10th Circuit, did by implication recognize the right of removal of a Fair Labor Standards Act case, for a motion to remand made therein was denied. But the only comment of the Court upon that point was a mere mention of its action in connection with its award for attorneys fees. While there are numerous decisions upon this point by the various District Courts some holding that the cases are removable [1] and some holding that they

---

[1] Cases deciding that Fair Labor Standards Act does not prevent removal from State Court to the Federal Court:

1. Ricciardi v. Lazzara Baking Corporation, D.C.D.N.J.1940, 32 F.Supp. 956.

2. Owens v. Greenville News-Piedmont, D.C.W.D.S.Car.Greenville Div. 1942, 43 F.Supp. 785.

3. McGarrigle v. 11 West Forty-Second Street Corporation, D.C.S.D.N.Y.1942, 48 F.Supp. 710.

4. Harris v. Reno Oil Co., D.C.N.D.Tex.Wichita Falls, Div.1943, 48 F.Supp. 908.

5. Cox v. Gatliff Coal Co., D.C.E.D.Ky.1943, 52 F.Supp. 482.

6. Sonnesyn v. Federal Cartridge Co.,

are not removable,[2] it has never been passed upon in this District and hence the question is open for determination by this Court in this suit.

In the past, in every case it has been the policy of Congress when it intended to amend or make exceptions to the Removal Act to do so by express words. Owens v. Greenville News-Piedmont, D.C., 43 F. Supp. 785; Sonnesyn v. Federal Cartridge Co., D.C., 54 F.Supp. 29; Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.; Safety Appliance Act, 45 U.S.C.A. § 1 et seq. There is no apparent reason why Congress should have adopted a new and different course in the passage of the Fair Labor Standards Act if it intended to preclude removal of cases under that Act.

In passing the Fair Labor Standards Act, Congress did not expressly repeal, amend nor make exceptions to the Removal Act. If the Removal Act has been amended by the passage of the Fair Labor Standards Act it has been done by implication only. Implied amendments or repeals are not favored by the law and such an interpretation should not be given to the Act unless the intention so to do clearly appears.

It is impossible to reconcile the numerous decisions by the Courts of other Districts. It is sufficient to say that in general the Courts denying the right of removal base their decisions upon an interpretation of the words "may be maintained in any court of competent jurisdiction" to mean that an action once commenced in a State

---

D.C.Minn.Fourth Div.1944, 54 F.Supp. 29.

7. Ellems v. Helmers, Inc., et al., D.C.E.D.N.Y.1944, 65 F.Supp. 566.

8. McCoy v. Helmers, Inc. et al., D.C.E.D.N.Y.1944, 65 F.Supp. 566.

9. Stultz v. Helmers, Inc. et al., D.C.E.D.N.Y.1944, 65 F.Supp. 566.

10. Mengel Co. v. Ishee, 1941, 192 Miss. 366, 4 So.2d 878.

2 Cases deciding that Fair Labor Standards Act prevents removal from State Court to Federal Court:

1. Wingate v. General Auto Parts Co., D.C.W.D.Mo.W.D.1941, 40 F.Supp. 364.

2. Kuligowski et al. v. Hart, D.C.N.D. Ohio E.D.1941, 43 F.Supp. 207.

3. Booth v. Montgomery Ward & Co., D.C.D.Neb.Lincoln Div.1942, 44 F.Supp. 451.

4. Fredman v. Foley Bros., Inc., D.C. W.D.Mo.W.D.1943, 50 F.Supp. 161.

5. Duval v. Protes et al., D.C.E.D.N. Y.1942, 51 F.Supp. 967.

6. Brantley v. Augusta Ice & Coal Co., D.C.S.D.Ga.Augusta Div.1943, 52 F. Supp. 158.

7. Brockway v. Long et al., D.C.W. D.Mo.W.D., 1944, 55 F.Supp. 79.

8. Sheridan v. Leitner et al., D.C.S. D.N.Y.1944, 59 F.Supp. 1011.

9. Steiner v. Pleasantville Constructors, Inc., D.C.S.D.N.Y.1944, 59 F. Supp. 1011.

10. Tobin v. Hercules Powder Co., D. C.D.Del.1945, 63 F.Supp. 434.

11. Garrity v. Iowa-Nebraska L. & P. Co., D.C.D.Neb.Lincoln Div.1941, [no opinion for publication]; see Brantley v. Augusta Ice & Coal Co., supra.

12. Barron v. F. H. E. Oil Co., D.C.

W.D.Tex., 1941 [no opinion for publication]; see Brantley v. Augusta Ice & Coal Co., supra.

13. Strong v. Western Ice Service Co., D.C.D.Kan.1942 [no opinion for publication]; see Brantley v. Augusta Ice & Coal Co., supra.

14. Harper v. Atlantic Co., D.C.S.D. Fla., 1943 [no opinion for publication]; see Brantley v. Augusta Ice & Coal Co., supra.

15. Apple v. Shulman Publications, Inc., D.C.D.N.J.1943, 65 F.Supp. 677.

16. Wright v. Long et al., D.C.W.D. Mo.W.D.1944, 65 F.Supp. 279.

17. Smith v. Day & Zimmerman, D.C. S.D.Iowa 1946, 65 F.Supp. 209.

18. Grand Lodge of the International Association of Machinists, et al. v. Continental Air Lines, D.C.D.Colo.1946.*

19. Bell Aircraft Corp. v. Anderson, Ga.App.1946, 66 S.E.2d 38.

Cases deciding that Fair Labor Standards Act cases are not removable from State Court to Federal Court, but on the ground that such cases are not suits "arising under the Constitution or laws of the United States" as that term is used in the Removal Act:

1. Steward v. Hickman, D.C.W.D.Mo. W.D.1941, 36 F.Supp. 861.

2. Phillips v. Pucci, D.C.W.D.Mo.W. D.1942, 43 F.Supp. 253.

3. Adams v. Long et al., D.C.W.D. Mo.W.D.1943, 65 F.Supp. 310.

Cases remanding F.L.S.A. case under rule that when there is doubt on the question of whether a case is removable it should be remanded:

1. Garner v. Mengel Co., D.C.W.D.Ky. Paducah Div. 1943, 50 F.Supp. 794.

---

* No opinion for publication.

Court of competent jurisdiction may be carried through to a final judgment in that court and hence is not removable. Fredman v. Foley Bros., Inc., D.C., 50 F.Supp. 161. Courts holding that the right to removal still exists do so generally by refusing to give to the word "maintain" such a far-reaching effect. Sonnesyn v. Federal Cartridge Co., supra.

In support of their position that Congress intended to except such cases from the operation of the Removal Act plaintiffs submit the following arguments:

1. Since a State Court, in the absence of an express prohibition by Congress, is already a court of competent jurisdiction wherein the suit could be commenced, the use of the word "maintained" is meaningless unless it be interpreted to mean "carried through to final judgment."

2. Knowing that many of the claims would be small and the claimants unable to bear the expense of litigation in the Federal Courts which are frequently located at great distances from the places of residence of the claimants, Congress intended to permit such cases to be completely disposed of in State Courts which were conveniently located.

3. It has long been the policy of Congress to limit the jurisdiction of Federal Courts as much as possible and for the Court to permit removal would flood the Federal Courts with numerous small claims, thus overburdening it.

It may be conceded that the second and third points in plaintiff's argument set forth sound reasons why perhaps Congress *should have* excepted these cases from the Removal Act. But the question before this Court is not what Congress *should have done* nor even what it *could have done*; the question is solely what Congress did actually do.

The reasoning in the cases denying the right of removal is not persuasive. Too great stress is placed upon the use of the word "maintained." That word has no technical meaning, and has been given so many different meanings by various Courts including the United States Supreme Court that its character for exactitude of meaning has been badly damaged. Ricciardi v. Lazzara Baking Corporation, D.C., 32 F.Supp. 956; Sonnesyn v. Federal Cartridge Co., D.C., 54 F.Supp. 29; 38 Corpus Juris, p. 336. This Court does not feel that such a far-reaching result as the denial to a defendant of the important right of removal should be predicated upon the use of such a word, unless the language used by Congress has no other reasonable meaning except an intention to amend the Removal Act.

The Legislative history of the Fair Labor Standards Act as discussed in Volume 19 North Carolina Law Review, p. 251 et seq. throws some light upon the intention of Congress. The original Black-Connery Bill as introduced in both Houses of Congress May 24, 1937 giving to employees the right to sue for the difference between what was due and what had been paid did not specifically designate the Court or Courts which should have jurisdiction of the action but Section 26 of the Bill contained the provision: "The District Courts of the United States shall have jurisdiction of violations of this Act or orders thereunder, and concurrently with State and territorial Courts, of all suits in equity or actions at law brought to enforce any liability or duty created by or to enjoin any violation of, this Act or the regulations or orders thereunder." This section remained the same in the Bill as finally passed by the Senate on July 31, 1937.

In the House, the story was different. In a Bill introduced on February 18, 1938, the provisions as to jurisdiction remained unchanged but all provisions for suits by employees were omitted. On April 13, 1938, an amendment to the Bill was introduced in the House making the provisions as to jurisdiction read: "The District Courts of the United States and the United States Courts of the territories shall have jurisdiction for cause shown, and subject to the provisions of Section 17 * * * to restrain violations of Section 13." (It will be noted that this Section of the Bill was substantially the same as Section 17 of the Act as finally enacted. 29 U.S.C.A. § 217.) The Bill in this form was passed by the House on May 24, 1938 and the different bills sent to a conference committee.

The situation before the conference committee of the two Houses was thus:

The Senate Bill provided for suits by employees and gave concurrent jurisdiction to State and Federal Courts; the House Bill contained no provision for employees' suits but conferred jurisdiction on Federal Courts to enjoin violations of the Act. On June 14, 1938, the conference committee presented a report which contained sections 16 and 17 of the Act as subsequently enacted. 29 U.S.C.A. §§ 216 and 217, 83 Cong.Rec. 9158–9178–9246–9267, 1938.

In the conference committee's report to the House recommending the enactment of the Act in its final form appears the following comment regarding Section 16:

"Section 16 of the conference agreement provides a fine of not more than $10,000.00, or imprisonment for not more than six months, or both, for violations of the Act. No person is to be imprisoned upon conviction for a first offense. This Section also provides for civil reparations for violations of the wages and hours provisions. If an employee is employed for less than the legal minimum wage, or if he is employed in excess of the specified hours without receiving the prescribed payment for overtime, he may recover from his employer twice the amount by which the compensation he should have received exceeds that which he actually received." House Reports 75th Congress, Third Session. January 3–June 16, 1938 Pub.Vol. 3 Rep. No. 2738.

Nothing appears in the report which indicates an intention to do anything other than permit an employee's suit. The conference committee merely adopted the Senate's view with respect to the allowance of such employee's suit and also the Senate's view as to concurrent jurisdiction as to both State and Federal Courts by using the words "any court of competent jurisdiction."

 From such examination of the legislative history and from an examination of the Statute as finally enacted it is not reasonable to suppose that Congress had any intention of amending the Removal Act. A reading of the entire Section 16(b)

clearly shows that in inserting this Section Congress was not intending to fix the place *where* such a suit could be brought or prosecuted to a final judgment but was concerned only with providing *who* might prosecute the suit and in what name the suit would be brought. The first part of the subsection gives to an employee a right of action and defines the limits of recovery. The next part concerns itself with the right of joinder of plaintiffs and the authorization for a representative suit or quasi class action. It provides for the following types of action:

1. A suit by a single employee in his own behalf;

2. Joinder of two or more employees in a single suit on their own behalf;

3. A suit by a single employee in his own behalf and in behalf of all others similarly situated;

4. A joinder of two or more employees in a single suit in their own behalf and in behalf of all others similarly situated; and

5. A suit by a single employee on behalf of himself and all others who have assigned their rights of action to him and respectively designated him their agent to bring the suit in his own name. Once having commenced the suit, either as a consolidation of the claims of several, on behalf of himself and others similarly situated, or as agent of others, such a suit can be maintained in such a manner until final judgment is entered. As to the place *where* the suit is to be prosecuted, Congress merely provided that it should be in a "court of competent jurisdiction." Just what is a Court of competent jurisdiction depends upon other relevant statutes both State and Federal creating the respective courts and defining their jurisdiction.

 In giving to Section 16(b) the above interpretation, due consideration has been given to every word and phrase used therein. A construction denying removal gives undue prominence to the word "maintained" and accords to it a strained meaning not intended by the law makers and requiring an implied amendment of the Removal Act. I conclude that the Fair Labor Standards Act neither amends the Removal Act nor excepts therefrom cases

arising under the Fair Labor Standards Act.

The case at bar was removable from the State Court to this Court upon all three of the grounds set forth in the defendant's petition. The motion to remand must therefore be denied.