375 F.Supp. 413 (1974)
Melba OLSON, Plaintiff,
v.
REMBRANDT PRINTING COMPANY, Defendant.
No. 73 C 838 (A).
United States District Court, E. D. Missouri, E. D.
April 12, 1974.
*414 Arnold T. Phillips, Fox, Goldblatt & Singer, Inc., St. Louis, Mo., for plaintiff.
Micalyn S. Harris and Angelo M. Pezzani, Clayton, Mo., for defendant.

MEMORANDUM AND ORDER
HARPER, District Judge.
This matter is before the Court on defendant's motion to dismiss for lack of jurisdiction or in the alternative to strike and on defendant's motion to make more definite and certain as to the relief requested by the plaintiff.
Plaintiff filed this action on December 17, 1973, and amended her original complaint on February 5, 1974. In her amended complaint plaintiff seeks to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1343(4), 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. §§ 216 and 217 to secure protection of and redress *415 deprivation of rights which the plaintiff alleges are guaranteed by 42 U.S.C. § 1981, 42 U.S.C. § 2000e-2(a) and 29 U.S.C. § 206(d).
Plaintiff brings this action on her own behalf and on behalf of other persons similarly situated pursuant to Rule 23(a) and (b)(2) F.R.Civ.P., and alleges that: On October 1, 1971, she was constructively discharged by defendant; on April 3, 1972, she filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as EEOC) against the defendant for unlawful employment practices in violation of 42 U.S.C. § 2000e-2(a); on April 5, 1972, the EEOC deferred the charge of discrimination to the Missouri Commission on Human Rights pursuant to 42 U.S.C. § 2000e-5(b); sixty-one days after April 5, 1972, the charge of discrimination was filed with the EEOC pursuant to 42 U. S.C. § 2000e-5(c); on November 28, 1972, pursuant to 42 U.S.C. § 2000e-5(b) the EEOC issued a finding of reasonable cause to believe that defendant had discriminated on the basis of sex against the plaintiff in violation of 42 U.S.C. § 2000e et seq. (the EEOC's finding of reasonable cause was incorporated by reference into the complaint as Exhibit A); on December 6, 1973, the EEOC issued a "90 day letter" to plaintiff advising plaintiff of her right to institute a civil action within ninety days (Plaintiff's Exhibit B); she has suffered mental anguish and emotional distress for which she is entitled to be compensated; defendant has engaged and continues to engage in unlawful employment practices on the basis of sex against the plaintiff and the class she purports to represent in violation of 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 206(d)(1) and 42 U.S.C. § 1981 in the following ways:
(a) Compensating plaintiff and similarly situated females at lower rates of pay than males performing the same or similar functions;
(b) Discriminating against plaintiff and the class she purports to represent with respect to compensation and with respect to terms and conditions of employment;
(c) Constructively discharging plaintiff.
Plaintiff's prayer seeks injunctive relief, money damages, costs and attorney's fees.
In support of its motion to dismiss the defendant contends that: (1) this Court lacks jurisdiction of this matter under the provisions of 42 U.S.C. § 2000e-5(f)(3) because it lacks subject matter jurisdiction, and further because plaintiff failed to bring her charge within the period allowed by 42 U.S.C. § 2000e-5; (2) plaintiff's claim under 29 U.S.C. § 206(d)(1) is a mere assertion of a right to relief which does not satisfy federal jurisdiction requirements; (3) the Court lacks jurisdiction under 28 U.S.C. § 1343(4) because no damages have been stated and no relief properly sought under any Act of Congress providing for the protection of civil rights; and (4) utilization of 28 U.S.C. § 1343 (4) in conjunction with 42 U.S.C. § 1981 fails in this case because of the absence of an allegation of racial discrimination.
The enforcement provisions of the Civil Rights Act, 42 U.S.C. § 2000e-5 (a), (b), (c), (d) and (e) prescribe a complaint procedure[1] which requires *416 that charges of unlawful employment practices be filed with EEOC within 180 days of the date of the occurrence of the act(s) constituting alleged discrimination unless the allegedly aggrieved party has filed with a state or local authority, in which case such party may file a complaint with the EEOC within 300 days after the allegedly unlawful employment practice has occurred or 30 days after the state or local agency has terminated proceedings under state or local law, whichever is earlier.
The requirement that one complaining of discrimination on the basis of sex must invoke the administrative process within the time limitations set forth in 42 U.S.C. § 2000e-5 is a jurisdictional precondition to the commencement of a court action. Chote v. Caterpillar Tractor Co., 402 F.2d 357, 359 (7th Cir. 1968).
With respect to the defendant's first contention, the plaintiff's allegations reveal that the plaintiff's alleged constructive discharge occurred on October 1, 1971, and that the plaintiff did not file a charge of discrimination with the EEOC until April 3, 1972, which is more than 180 days after the occurrence of the acts herein which allegedly constitute sex discrimination. Therefore, plaintiff did not meet the requirement of filing her charge of discrimination within 180 days of the date of the occurrence of the acts constituting discrimination as required by 42 U.S.C. § 2000e-5(e).
Plaintiff contends that she was not limited to the 180-day period within which to file with the EEOC, because the EEOC on April 5, 1972, deferred her charge to the Missouri Commission on Human Rights pursuant to 42 U.S.C. § 2000e-5(e), therefore bringing her charge within the 300 day period within which to file which applies to charges filed with state or local authorities pursuant to 42 U.S.C. § 2000e-5(b). While it is true, as the plaintiff contends here, that the Supreme Court in Love v. Pullman Company, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972) has expressly approved the EEOC's procedure of instituting State proceedings on behalf of a charging party and the EEOC's procedure of automatically filing charges upon the termination of the State proceeding, this Court finds that the EEOC as an agent of the plaintiff is in no better position at the time of filing of the charge with the State than the plaintiff would have been had she filed the charge herself with the State, which she did not, and, therefore, the EEOC must file with the State within the time limits allowed by the State. In the instant case, under RSMo 296.040 V.A.M.S. a charging party must file his complaint with the Missouri Commission on Human Rights within 90 days of the date of the occurrence of the acts constituting the alleged discrimination. 42 U.S. C. § 2000e-5(e) does not provide that a charging party has 300 days to institute proceedings with a State agency.
It is not only apparent from a reading of the plaintiff's allegations that the plaintiff did not meet the 180-day filing requirement of 42 U.S.C. § 2000e-5(e), but it is also apparent that the plaintiff personally through her agent, the EEOC, failed to meet the 90-day requirement of RSMo 296.040 V.A. M.S. This Court finds that since the EEOC's filing with the Missouri Commission on Human Rights on behalf of the plaintiff was not timely under Missouri law (RSMo 296.040 V.A.M.S.) it did not have the effect of bringing the plaintiff within the 300 day requirement of 42 U.S.C. § 2000e-5(e), but left the plaintiff within the 180-day requirement of 42 U.S.C. § 2000e-5(e) which the plaintiff failed to meet. The Court further finds, as stated above, that timeliness of invoking the administrative process is a condition precedent to *417 bringing a civil action. The plaintiff did not meet this condition precedent and is barred from bringing any action under 42 U.S.C. § 2000e et seq.
Defendant's second contention is that this Court does not have jurisdiction of any claim by the plaintiff under 29 U.S.C. § 206(d)(1) and that the plaintiff's claim is a mere assertion of a right to relief which does not satisfy federal jurisdictional requirements, and, therefore, plaintiff's claim under 29 U. S.C. § 206(d)(1) should be dismissed. 29 U.S.C. § 216(b) provides for the recovery of back wages and liquidated damages for violations of 29 U.S.C. § 206 and 29 U.S.C. § 217, provides injunctive relief against violation of 29 U.S.C. § 206, which are made unlawful by 29 U.S.C. § 215. Plaintiff has alleged violations by defendant of 29 U.S. C. § 206(d)(1) and has asked for both injunctive relief and recovery of back wages and liquidated damages.
The jurisdiction of the district courts has been heretofore upheld in many cases in suits by employees against employers based on the Fair Labor Standards Act of 1938, as amended, which provides, in section 16, 29 U.S.C. § 216, that actions by employees to recover for unpaid minimum wages or overtime compensation and an additional equal amount as liquidated damages, "may be maintained in any court of competent jurisdiction." In other words, State and Federal courts have concurrent jurisdiction of actions brought under the Fair Labor Standards Act of 1938, as amended, of which the Equal Pay Act of 1963 (29 U.S.C. § 206) is a part. See Johnson v. Butler Brothers, 162 F.2d 87 (8th Cir. 1947); Springfield Television, Inc. v. City of Springfield, Missouri, 428 F. 2d 1375 (8th Cir. 1970), note 3 at page 1380; Goettel v. Glenn Berry Mfrs., Inc., 236 F.Supp. 884 (N.D.Okl.1964); Crouse v. North American Aviation of Kansas, 68 F.Supp. 934 (W.D.Mo.1946); Adams v. Long, 65 F.Supp. 310 (W.D. Mo.1943).
Another basis for jurisdiction which the plaintiff has not alleged but which the Court takes note of is 28 U.S. C. § 1337 which provides that "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." The Fair Labor Standards Act is based on the interstate commerce power of Congress and therefore suits under it fall within the provisions of 28 U.S.C. § 1337. See Williams v. Jacksonville Terminal Co., 315 U.S. 386, 390, 62 S.Ct. 659, 86 L.Ed. 914 (1941); McCrae v. Johnson, 84 F.Supp. 220 (Dist.Md. 1949).
In view of this Court's disposition of the first and second contentions of the defendant, the defendant's third contention needs no comment.
The fourth and final contention of the defendant under its motion to dismiss is its contention that 42 U.S.C. § 1981 only provides a basis for relief where racial discrimination is alleged and that since no allegation of racial discrimination appears in the complaint, any claim under 42 U.S.C. § 1981 is inappropriate and should be dismissed.
This Court finds that the absence of an allegation of racial discrimination such as in the instant case is fatal to a cause of action brought under 42 U.S.C. § 1981 because the applicability of that section is clearly limited to racial discrimination. It does not pertain to discrimination on the grounds of religion, national origin or sex. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); United States v. Cruikshank, 92 U.S. 542, 23 L. Ed. 588 (1875); Agnew v. Compton, 239 F.2d 226 (9th Cir. 1956), cert. denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957); Schetter v. Heim, 300 F.Supp. 1070 (E.D.Wis.1969). Thus, the plaintiff's complaint based on allegations of sex discrimination fails to state a cause of action pursuant to 42 U.S.C. § 1981.
Thus, for the above reasons this Court finds that it is without jurisdiction *418 under 42 U.S.C. §§ 1981 and 2000e et seq. to entertain the plaintiff's complaint, but finds that it has jurisdiction under 29 U.S.C. §§ 216 and 217 and 28 U.S.C. § 1337, to entertain plaintiff's complaint with regard to the alleged violations of 29 U.S.C. § 206(d)(1).
Accordingly, it is hereby ordered, adjudged and decreed that the defendant's motion to dismiss the plaintiff's amended complaint is sustained and plaintiff is given leave to file within twenty days a second amended complaint setting forth her claims under 29 U.S.C. § 206(d)(1).
NOTES
[1] The Eighth Circuit Court of Appeals has summarized the procedure in Equal Employment Opportunity Commission v. Missouri Pacific Railroad Co., 493 F.2d 71, as follows:

"1. A charge must be filed within 180 days after the occurrence of an alleged unlawful employment practice.
"2. If the Commission finds reasonable cause to believe that the charge is true, and conciliation attempts prove unsuccessful, the Commission may bring suit against the respondent within 180 days of the filing of the charge. The charging party shall have the right to intervene in the Commission's suit.
"3. If the Commission fails to file an action within 180 days, it shall notify the charging party.
"4. Within 90 days after receipt of notice, the charging party may bring a civil action against the respondent. Should a private action be brought, the Commission may intervene, in the discretion of the court, upon certification that the case is of general public importance."