UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31321
_____

ELDON P. DUFRENE, ET AL.,

Plaintiffs,

ELDON P. DUFRENE, ERNEST JOHNSON, SR.,
on behalf of themselves and others similarly situated,
KEVIN MELENDEZ, HOWARD SELF, VERNON ROSS, ET AL.,

Plaintiffs-Appellants,

versus

BROWNING-FERRIS, INC.,

Defendant-Appellee.
_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

March 20, 2000

Before JONES, BARKSDALE, and DENNIS, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

For the summary judgment awarded Browning-Ferris, Inc. (BFI), on the basis that overtime paid its day-rate employees is *not* violative of the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 (FLSA), primarily at issue is whether 29 C.F.R. § 778.112 (method for computing overtime pay for day-rate employees) is a permissible interpretation of the FLSA. We **AFFIRM**.[*]

I.

---

[*]This case was consolidated for oral argument with **Hartsell v. Dr. Pepper Bottling Co.**, No. 98-11436, ___ F.3d ___ (5th Cir. 2000), which also concerns 29 C.F.R. § 778.112 — particularly, whether employees must have agreed to be paid on a day-rate basis in order for the section to apply. The opinion in that case is being issued simultaneously with this opinion.

Dufrene and the other plaintiffs (employees) are or were employed by BFI as drivers for recycling trucks or as drivers or hoppers for garbage trucks. (Hoppers ride on the truck, retrieve garbage, and empty it into the truck.)

BFI paid employees a day-rate: they were guaranteed a day's pay, regardless of the number of hours worked that day. After a 60-day probationary period, they received holiday pay, and certain sick days. After one year of service, they received one week paid vacation.

Employees state that BFI regularly required them to work in excess of 40 hours a week; and that they were almost never allowed to stop working after eight hours or less, even if that day's assigned route was completed, but, instead, were required to work additional routes.

In district court, the parties stipulated:

> The overtime compensation is calculated as follows: Employees are given their day rate and it is multiplied by the number of days worked to determine the amount of compensation due [for the week]. The total amount of compensation is then divided by the total number of hours worked to derive the hourly rate. The hourly rate is then divided by 2 and that amount is multiplied by the number of overtime hours. This calculation yields the total amount to be paid in overtime.

In March 1997, employees filed this action, claiming this method violated the FLSA. On cross motions for summary judgment, the district court held: employees were paid a day-rate; BFI's overtime method complied with 29 C.F.R. § 778.112; and, correspondingly, it did *not* violate the FLSA.

II.

A summary judgment is reviewed *de novo*. *E.g., **Morris v. Covan World Wide Moving, Inc.***, 144 F.3d 377, 380 (5th Cir. 1998). For that review, we apply the same standard as the district court. *E.g., **Drake v. Advance Const. Serv., Inc.***, 117 F.3d 203, 204 (5th Cir. 1997). Such judgment is proper when the summary judgment record, viewed in the light most favorable to non-movant, establishes there is *no* material fact issue and movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); ***Drake***, 117 F.3d at 204.

Employees contend that the overtime method violates the FLSA; that 29 C.F.R. § 778.112 does *not* apply, because they did *not* clearly understand it would be used in calculating their overtime pay, and, alternatively, because they receive "other compensation", as referenced in that section; and finally, their collective bargaining agreement defines a day as eight hours, the day-rate compensates them only for working eight hours, and, correspondingly, they are entitled to additional compensation for hours worked in excess of that.

A.

Employees maintain that the overtime method violates the FLSA requirement to pay time and a half for all hours worked in excess of 40 in a week. BFI responds that it pays such overtime in accordance with 29 C.F.R. § 778.112, one of the Department of Labor's interpretations of the FLSA's overtime payment requirements. An administrative agency's statutory interpretation

is reviewed pursuant to ***Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.***, 467 U.S. 837 (1984) (if intent of Congress is clear, give it effect; if such intent ambiguous or silent, did Congress delegate to agency authority to interpret statute; and, if such delegation and if agency's interpretation permissible, court should defer to it).

1.

The interpretation at issue, 29 C.F.R. § 778.112, provides:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

Addressed first is "whether Congress has directly spoken to the precise question at issue". ***Chevron***, 467 U.S. at 842. Section 7(a)(1) of the FLSA provides in pertinent part that

> no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the *regular rate at which he is employed*.

29 U.S.C. § 207(a)(1) (emphasis added).

At issue is what is that "regular rate" for employees paid by a day, *not hourly*, rate. Because the FLSA does *not* define "regular rate", Congress did *not* clearly express its intent on this precise question.

The second inquiry is whether Congress delegated to the Secretary of Labor authority to interpret "regular rate". *Chevron*, 467 U.S. at 843-44. Congress explicitly granted the Secretary the duty to administer the FLSA. 29 U.S.C. § 204. "By granting the Secretary of Labor the power to administer the FLSA, Congress implicitly granted him the power to interpret" 29 U.S.C. § 207(a)(1), the FLSA provision at issue. *Condo v. Sysco Corp.*, 1 F.3d 599, 605 (7th Cir. 1993).

The third inquiry is whether § 778.112 is a permissible interpretation of the FLSA; if it is, it is entitled to deference. *Chevron*, 467 U.S. at 844. Employees make much of the undisputed fact that the greater the number of hours worked, the lower the regular rate, and, as a result, the lower the overtime compensation.

But, "that does not cause the system to run afoul of the FLSA if, as in this case, the regular rate remains constant within each workweek and the employee receives one and one-half his regular rate of compensation". *Condo*, 1 F.3d at 605. *Cf. Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 580 (1942) (method for calculating overtime pay for weekly-wage employee did *not* violate FLSA simply because regular rate decreased as number of hours worked in a week increased, so long as employee received, as overtime compensation, 150% of his regular rate). Therefore, because each employee is receiving 100% of his regular rate for each hour worked, plus an additional one-half of that regular rate

for each hour in excess of 40 in a week, § 778.112 is a permissible interpretation of the FLSA, entitled to deference.

2.

For the reasons that follow, we conclude that § 778.112 applies to employees. The parties have stipulated that employees were paid a day-rate, paid regardless of the number of hours worked in a day. And, they are paid only for the number of days worked in a week.

Employees contend, however, that, before § 778.112 can be used to calculate their regular rate of pay, and, correspondingly, their overtime pay, they must clearly understand that the day-rate covers the hours the job may demand. They maintain that, because 29 C.F.R. § 778.114 requires a clear understanding prior to application, § 778.112 must as well.

The plain language of § 778.112 is directly contrary to this claim. It has *no* requirement that employees consent to its application. *The triggering requirement is solely that employees are paid a day or job rate.*

On the other hand, § 778.114(c) states: "The 'fluctuating workweek' method of overtime payment may *not* be used ... *unless* the employee *clearly understands* that the salary covers whatever hours the job may demand in a particular workweek". (Emphasis added.) But, employees here are *not* paid a salary for a workweek. Instead, they are paid for the number of days they work in a week: a day-rate.

Accordingly, § 778.114 does *not* apply. *For FLSA purposes*, employee agreement to application of § 778.112 is *not* required.

3.

Next, employees assert that § 778.112 applies *only* if *no* other form of compensation is received; and that, because they received sick days, paid vacation, and other fringe benefits, the provision *cannot* be applied to them. This point was *not* presented in district court. In fact, it was *not* raised here until employees' reply brief.

Generally, we do *not* address points raised for the first time in a reply brief. *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 270 (5th Cir. 1998). In any event, our review, at most, would be *only* for plain error. Under this quite narrow standard of review, if the error is "clear" or "obvious", and affects "substantial rights", we have discretion to correct such forfeited error *if* it affects the fairness, integrity, or public reputation of judicial proceedings. *E.g., United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1196 (1995).

Sick days and other fringe benefits are *not* "other compensation". *See* 29 C.F.R. § 778.200 (1999) (for calculating regular rate for overtime pay, payments for vacation, holiday, illness, retirement, health insurance, or similar benefits *not* compensation). There was *no* plain error.

B.

Finally, employees seek assistance from their collective bargaining agreement (CBA).

### 1.

First, they note that the CBA defines a day as eight hours and the day-rate compensates them for such hours. They contend that, because a day is so defined, the day-rate compensates them only for up to eight hours worked, and, correspondingly, it *cannot* be used to compensate them for any hours worked in a day in excess of that. Consequently, they contend that BFI, in violation of the FLSA, has *not* paid them their regular rate for such excess hours.

This action, however, is for claimed violation of the FLSA overtime provisions, *not* of the CBA. Because the overtime payment method complies with § 778.112, this contention is without merit.

### 2.

Employees' contention that the CBA gives them an independent right to overtime pay after an eight-hour day is also without merit. The CBA states that this day-is-eight-hours-provision "shall not be construed as a basis for the calculation of overtime". Again, this dispute concerns, at best, a violation of the CBA, *not* the FLSA. (Needless to say, as employees concede, this action is *not* to enforce the CBA.)

### III.

For the foregoing reasons, the judgment is

*AFFIRMED.*