DENNIS, Circuit Judge,
specially concurring:
I agree with the majority that the lunchtime portion of the judgment should be affirmed and that the remainder of the judgment should be vacated and the case remanded because the jury was given an erroneous instruction that affected the outcome of the trial. I write separately to emphasize that I find nothing in the majority opinion that limits this remand.
As the majority correctly points out, the standard of review for jury instructions is:
First, the challengers must demonstrate that the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations. Second, even if the jury instructions were erroneous, we will not reverse if we determine, based upon the entire record, that the challenged instruction could not have affected the outcome of the case.
Johnson v. Sawyer, 120 F.3d 1307, 1315 (5th Cir.1997) (Barksdale, J.). I agree with the majority that the jury instruction requiring an agreement as to the employees’ wage structure was erroneous. See Dufrene v. Browning-Ferris, Inc., 207 F.3d 264 (5th Cir.2000).
The majority states in passing that, based on the record, it appears that the employees were in fact paid a day-rate notwithstanding the employees’ claimed hourly-rate basis for compensation. Ante at 2678. However, such a resolution of a disputed issue of a material fact determinative to Dr. Pepper’s liability is in direct contradiction to the special verdict of the jury, which found that as a matter of fact the employees (save one) were paid an hourly wage. The majority does not address the jury’s special verdict nor does it fully explain that the verdict is reversed solely because of the erroneous instruction and not because of a lack of sufficient evidence to support the verdict.
“We employ a deferential standard of review when examining a jury’s verdict for sufficiency of the evidence. Unless the evidence is of such quality and weight that reasonable and impartial jurors could not arrive at such a verdict, the findings of the jury must be upheld. We may not reweigh the evidence, re-evaluate the credibility of the witnesses, nor substitute our reasonable factual inferences for the jury’s reasonable inferences. We must view the evidence in the light most favorable to upholding the jury’s verdict and may only reverse if the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary conclusion.” Douglas v. DynMcDermott Petroleum Operations Co., 144 F.3d 364, 369 (5th Cir.1998) (citing Ham Marine, Inc. v. Dresser Indus., Inc., 72 F.3d 454, 459 (5th Cir.1995)). Although based on the record this court may have found differently than the jury, under the deferential standard afforded jury verdicts it cannot be said that the jury’s special verdict on the disputed factual issue in the present case is not supported by sufficient evidence. Thus, it is not appropriate to reverse the jury’s verdict based on insufficiency of the evidence. It is telling that the majority does not attempt to do so.
The only basis for reversal of the jury verdict, therefore, is the erroneous jury instruction requiring an agreement between Dr. Pepper and the employees before Dr. Pepper may properly utilize the overtime calculation method defined in section 778.112. As opposed to reversing and rendering for insufficiency of the evidence, “[a] new trial is the appropriate remedy for prejudicial errors in jury instructions.” Aero International, Inc. v. United States Fire Ins. Co., 713 F.2d 1106, 1113 (5th Cir.1983); see also Johnson, 120 F.3d at 1315 (holding that remand for new trial due to an erroneous jury instruction is proper because the appellant had not properly challenged for sufficiency of the evi *276 dence); Schweitzer v. Advanced Telemarketing Corp., 104 F.3d 761 (5th Cir.1997); Branch-Hines v. Hebert, 939 F.2d 1311 (5th Cir.1991); cf. United States v. Cornett, 195 F.3d 776, 781 n. 6 (5th Cir.1999) (“[s]ince we are reversing for a reason other than sufficiency of the evidence, remand is proper .. .”)• This is because appellate courts lack the institutional competence to review facts as they must base their factual determinations solely on a cold record; a properly instructed jury, however, may take into account such intangibles as courtroom atmosphere and witness demeanor. See In re Clay, 35 F.3d 190, 194 (5th Cir.1994) (“[A] cold record cannot capture the atmosphere, the expressions, the attitudes that are the marrow of a jury trial.”); Caldarera v. Eastern Airlines, Inc., 705 F.2d 778, 782 (5th Cir.1983) (“Our review is not only hindsight, but is based on a written record with no ability to assess the impact of the statement on the jury or to sense the atmosphere of the courtroom.”). Since the jury verdict is being reversed due to an erroneous jury instruction and not due to insufficient evidence, a full remand for a new trial as to both liability and damages is the only appropriate remedy.
While it may be true, as the majority points out, that the parties may be able to agree to a settlement on the issue of damages, such possibility should not influence the proper procedure this court should employ. Rather, keeping with circuit precedent, I believe that remand of the case for a new trial on the issues of liability, compensatory damages and liquidated damages is necessary so that a properly instructed jury may determine whether the employees were in fact paid an hourly wage or a day-wage. It is not the province of this court to replace the fact-finding function of a properly instructed jury. If such jury determines that the employees were paid hourly, then Dr. Pepper violated the FLSA; if it determines the employees were paid daily, then Dr. Pepper did not violate the FLSA. Since the present case turns on precisely this issue, I do not believe it appropriate for this court to express an opinion on the issue, and I feel that any such expression is mere dicta. Any such dicta notwithstanding, I find nothing in the majority opinion limiting the ability of the jury on remand to determine whether the employees were in fact paid daily or hourly. I thus concur.