**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————————

No. 00-50309

(Summary Calendar)

————————————

MICHAEL ANTHONY HORNE,

Plaintiff-Appellant,

versus

MICHAEL S. KATZFEY, Individually; ROSALIO CASTRO,

Defendants-Appellees.

————————————————————

Appeal from the United States District Court
For the Western District of Texas, San Antonio
No. SA-99-CV-921-FB

————————————————————

March 29, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Michael Anthony Horne ("Horne") appeals the grant of summary judgment to San Antonio

police officers Michael S. Katzfey and Rosalio Castro (collectively, "Defendants"). Horne had filed

_____

[*]      Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

a 42 U.S.C. § 1983 suit against the Defendants for falsely arresting and detaining him. We affirm on the ground that Horne filed this action after the statute of limitations period had expired.

This case arises from a series of unfortunate mishaps and misunderstandings. After finishing a long shift as a security guard, Horne began driving home at 2 A.M. on July 30, 1997. Feeling exhausted, he decided to park his dark-colored sports utility vehicle near some trees and sleep for a few hours. As he started to doze off, he noticed a police spotlight aimed at his vehicle. He exited the car, and approached the police officer, Michael S. Katzfey ("Katzfey"), who had been informed that someone driving a dark-colored truck had committed several burglaries in the immediate area.

Katzfey saw Horne look directly at some object or person in the bushes. Fearing the presence of a second suspect or a weapon near the bushes, Katzfey handcuffed Horne and placed him in the back of the police cruiser. Several other officers soon arrived at the scene, and determined that no burglary had occurred. Katzfey asked Horne if he could search his vehicle; Horne consented. The police conducted a search and discovered a large plastic bag containing "a small amount of semi-white powdery substance." Horne told the police that the bag contained his grandmother's crematory remains. Skeptical of Horne's explanation, Katzfey asked another officer, Rosalio Castro ("Castro"), to administer a field test on the substance. The test revealed that the substance was methamphetamine. The police arrested Horne. A subsequent test did not reveal any controlled substance. Charges against Horne were dropped, and he was freed from Bexar County jail. He claims he lost his job, among other things, as a result of his unlawful detainment.

Horne filed a § 1983 suit against the Defendants individually, alleging that they falsely arrested him. The Defendants filed a summary judgment motion, which the district court granted on the grounds that the Defendants enjoyed qualified immunity. We affirm the grant of summary judgment,

but on an alternate ground that Horne failed to file his suit within the statute of limitations.[1] We review a grant of summary judgment *de novo*. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992).

Horne filed his complaint on August 25, 1999— over two years after the date of his arrest on July 30, 1997. In determining the statute of limitations period for a § 1983 action, we look at the time period provided by state law for general personal injury claims. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990); *see also Burell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) (holding that although we look to state law, it is federal law as to when the limitations period runs). Both parties agree that this suit would normally be barred by the two year statute of limitations period for personal injury claims in Texas. Horne, however, argues that the statute of limitations for his false arrest claim has not elapsed, because his claim was part of a larger malicious prosecution action which did not accrue until the charges against him were dismissed on August 26, 1997. *See Brandley v. Keeshan*, 64 F.3d 196, 199 (5th Cir. 1995) (holding that a false arrest claim accrues at the same time as the claim for malicious prosecution); *Robinson v. Maruffi*, 895 F.2d 649 (10th Cir. 1990) (same); *Brummett v. Camble*, 946 F.2d 1178, 1183 (5th Cir. 1991) (holding that a malicious prosecution claim does not accrue until the prosecution has ended favorably to the party).

Horne's reliance on these cases is misplaced. They hold that a false arrest claim accrues when the plaintiff is released *only if* the claim is a part of a malicious prosecution conspiracy. The reasoning behind the rule is that courts view the false arrest claim as a continuing wrong that is "essentially [a] part of the malicious prosecution conspiracy." *Robinson*, 895 F.2d at 655. And since

---

[1] The district court believed that Horne's complaint "may well be outside the limitations period," but it did not rule on this ground and instead relied on the qualified immunity basis.

the termination of the underlying criminal proceeding in favor of the accused is an essential element of a malicious prosecution claim, the accused cannot file such a claim until he is released by government authorities. Accordingly, the false arrest claim accrues at the same time as the malicious prosecution claim. Here, Horne did not allege, let alone hint, in his complaint of a malicious prosecution conspiracy. Indeed, it appears that the elements for such a claim may not exist here. *See Richey v. Brookshire Grocery Co.,* 952 S.W.2d 515, 517 (Tex. 1997) (listing the seven elements for a malicious prosecution cause of action).

In his reply brief, Horne raises a new argument that the cause of action accrued at the date of his release from jail because he did not know the true extent of his losses until then. This argument has been waived by his failure to brief it in his opening brief. *See Dufrene v. Browning-Ferris, Inc.*, 207 F.3d 264, 268 (5th Cir. 2000) (appellants cannot raise new arguments in a reply brief). Even on the merits, this argument would fail. "In a section 1983 claim for false arrest, the plaintiff has 'reason to know the injury' on the date of the arrest, and thus, the cause of action accrues on that date." *Johnson v. City of Philadelphia*, 1997 WL 152790, *2 (E.D.Pa. 1997) (quoting *Rose v. Bartle*, 871 F.2d 331, 350 (3rd Cir. 1989)).

Because we hold that Horne's complaint is time-barred, we need not address the merits of the district court's qualified immunity analysis. We also deny the Defendants' motion to strike Horne's brief as moot.

AFFIRMED.