# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 23, 2013

No. 12-60418
Summary Calendar

Lyle W. Cayce
Clerk

JAMES ANTHONY FONTENEAUX, SR.,

Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee

Appeal from the Decision of the
United States Tax Court
TC No. 826-10

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James A. Fonteneaux, Sr., appeals an adverse Tax Court determination concluding that he owed deficiencies in the form of a 10-percent additional tax pursuant to I.R.C. § 72(t)(1) and a late-filing tax pursuant to I.R.C. § 6651(a). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60418

## I. FACTUAL AND PROCEDURAL HISTORY

The Internal Revenue Service ("IRS") concluded that Fonteneaux owed deficiencies of $15,635 and $2,372 for federal income tax purposes for the years 2005 and 2006, respectively. The IRS further assessed a $152.10 additional tax pursuant to § 6651(a) because Fonteneaux signed his 2006 tax return only after the date for timely filing had passed. The Commissioner of Internal Revenue ("Commissioner") conceded before the Tax Court that Fonteneaux did not owe a deficiency for 2005. Therefore, Fonteneaux only appeals the deficiency for 2006 and the additional tax for late filing.

Fonteneaux reported $28,789 in pension and annuity income on his 2006 tax return, but he did not pay an additional 10-percent tax required by § 72(t)(1). The IRS gave notice of this deficiency, as well as the 2005 deficiency, to Fonteneaux in October 2009. Fonteneaux disagreed with the deficiencies and declined to pay the determined amounts. In March 2010, the IRS prematurely assessed the amounts in the notice and sent collection notices of intent to levy. After Fonteneaux petitioned the Tax Court disputing the deficiencies, the IRS abated the premature assessments.[1]

Proceeding *pro se* before the Tax Court, Fonteneaux denied any remaining tax liability for tax years 2005 and 2006. The matter proceeded to trial on the 2006 deficiency claim. Following the testimony of Fonteneaux and Michael Rowntree,[2] a paralegal for the Commissioner, the Tax Court found that Fonteneaux received the $28,789 in pension and annuity income that he

---

[1] The IRS's handling of this matter caused significant confusion among the parties. For example, the IRS letter dated October 11, 2010, suggested that Fonteneaux owed no deficiency for 2006, but rather was entitled to a $158 *refund*. The IRS also mistakenly attributed to Fonteneaux a $720 credit for a payment that both parties now agree he never made.

[2] The parties differ in their spelling of Rowntree's name. Because Rowntree was the Commissioner's witness, we adopt the Commissioner's spelling.

2

No. 12-60418

reported on his 2006 tax return. As a result, the Tax Court held that Fonteneaux owed a deficiency of $2,372 for 2006 pursuant to § 72(t)(1) and that he owed an additional tax of $152.10 for the same year due to his late filing of a tax form with the proper signature.

## II. DISCUSSION

Because the Tax Court entered its decision after conducting a trial on the merits, which included testimony and exhibits, we review its findings of fact for clear error and its conclusions of law *de novo*. *See Green v. Comm'r*, 507 F.3d 857, 866 (5th Cir. 2007) ("Clear error exists when [we are] left with the definite and firm conviction that a mistake has been made."); *see also Arevalo v. Comm'r*, 469 F.3d 436, 438 (5th Cir. 2006) ("We apply the same standard of review to decisions of the Tax Court that we apply to district court decisions.").

Section 72(t) imposes a "10-percent additional tax on early distributions from qualified retirement plans," subject to several exceptions.[3] *See* § 72(t)(1)-(2). Although Fonteneaux now denies receiving the $28,789 in pension and annuity income that he reported on his 2006 tax return, it is well established that "positions taken in a tax return signed by a taxpayer may be treated as admissions." *Mendes v. Comm'r*, 121 T.C. 308, 312 (2003). Because Fonteneaux now contradicts his 2006 tax return, he may overcome that admission only by providing "cogent proof that [his prior position was] incorrect."[4] *See id.* (providing that "petitioner . . . cannot . . . disavow . . . returns [prepared by him] without cogent proof that they are incorrect" (alternations in original) (internal

---

[3] Fonteneaux does not allege that any of § 72(t)(2)'s exceptions apply here.

[4] Fonteneaux argues that I.R.C. § 6201(d), rather than the "cogent proof" standard, applies here, thereby shifting the burden of production to the Commissioner. Section 6201(d) is inapposite, however, because Fonteneaux has not "assert[ed] a reasonable dispute with respect to any item of income reported on an information return filed . . . by a third party." *See* § 6201(d). Fonteneaux argues only that *he* mistakenly reported the $28,789 on his 2006 tax return.

quotation marks omitted)); *see also Ryan v. Comm'r*, 482 F. App'x 881, 883 (5th Cir. 2012) (unpublished).

At trial, however, Fonteneaux only indirectly suggested through his testimony that he did not receive the reported $28,789. In the absence of "cogent proof" that the 2006 tax return was inaccurate, we cannot conclude that the Tax Court clearly erred in finding that Fonteneaux received $28,789 in taxable pension and annuity income. Accordingly, the Tax Court appropriately concluded that the additional 10-percent tax imposed by § 72(t)(1) applies and that Fonteneaux owes a deficiency of $2,372 for the 2006 tax year.[5]

Fonteneaux also challenges the Tax Court's conclusion that he owes an additional tax pursuant to § 6651(a) for the untimely filing of his 2006 tax return. Although Fonteneaux initially submitted his 2006 tax return within the filing window, the return was unsigned and, therefore, not properly filed. *See Reaves v. Comm'r*, 295 F.2d 336, 338 (5th Cir. 1961) (holding that an unsigned return cannot be considered filed because "[w]ithout a signature it can hardly be said that a return contained or was verified by a written declaration that it is made under the penalties of perjury as required by the Internal Revenue Code"); *see also Selgas v. Comm'r*, 475 F.3d 697, 700 (5th Cir. 2007). "To escape the penalty [under § 6651(a) for his untimely filing, Fonteneaux] bears the heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'" *See United States v. Boyle*, 469 U.S. 241, 245 (1985) (quoting § 6651(a)(1)). Although the Tax Court observed that Fonteneaux made good faith efforts to cure the signature defect on his 2006 tax return, Fonteneaux conceded at trial that he lacked reasonable cause for his inadvertent late filing. Because Fonteneaux did not overcome the

---

[5] Although this amount is less than ten percent of $28,789, the Commissioner conceded before the Tax Court that it sought only $2,372 of the deficiency to which it was otherwise entitled under § 72(t)(1).

heavy burden of establishing reasonable cause, the Tax Court did not err in concluding that he owed an additional tax of $152.10. *See* § 6651(a); *Logan Lumber Co. v. Comm'r*, 365 F.2d 846, 853 (5th Cir. 1966) ("Forgetting to file a tax return or failing through inadvertence to see that it is filed does not constitute reasonable cause.").

Finally, Fonteneaux argues that the Tax Court erred by allowing Rowntree to testify because the Commissioner did not identify him as a witness or summarize his testimony prior to trial, as provided for in the Tax Court's standing order. Because Fonteneaux raises this objection for the first time on appeal, we review only for plain error. *See Crawford v. Falcon Drilling Co.*, 131 F.3d 1120, 1123 (5th Cir. 1997) (explaining that we review "unpreserved error in a civil case using the plain-error standard of review"). As the party asserting the error, Fonteneaux must establish, among other things, that the error is clear or obvious and that it affects his substantial rights. *See Dufrene v. Browning-Ferris, Inc.*, 207 F.3d 264, 268 (5th Cir. 2000); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

Fonteneaux has failed to establish that the Tax Court made a clear or obvious error in allowing Rowntree's testimony or that the error prejudiced his substantial rights. *See Dufrene*, 207 F.3d at 268; *see also Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 210 (5th Cir. 2009) (explaining that reversal of even a *preserved* error is warranted only when it "substantially prejudiced one of the parties"); *Gates v. Shell Oil*, 812 F.2d 1509, 1512 (5th Cir. 1987) ("Generally, a trial court has broad discretion to conduct the trial in an efficient and orderly manner in the admission or exclusion of evidence."). Indeed, Rowntree's testimony focused on explaining the IRS's mistake in attributing a $720 credit to Fonteneaux for the 2006 tax year. As a result, the Tax Court's deficiency determination does not rely on Rowntree's testimony. Instead, it based that determination on (1) its factual finding that Fonteneaux received the

No. 12-60418

$28,789 distribution, and (2) the legal conclusion that § 72(t)(1)'s 10-percent tax applies to the distribution.

Although the IRS's apparent mistakes in its handling of this matter have caused much confusion, Fonteneaux identifies no cognizable error in the Tax Court's decision.

AFFIRMED.