### TIMONY v. TODD SHIPYARDS CORPORATION.

District Court, S. D. New York.

Feb. 22, 1945.

Myers & Guerin, of New York City (Herbert Goldmark and Joseph K. Guerin, both of New York City, of counsel), for plaintiff.

Cullen & Dykman, of Brooklyn, N. Y. (Jules Haberman and Robert B. Lisle, both of Brooklyn, N. Y., of counsel), for defendant.

COXE, District Judge.

This is a motion by the defendant to dismiss the amended complaint (1) for lack of jurisdiction over the subject matter of the action, or (2) in the alternative, for summary judgment for the defendant. The notice of motion also asks for other specific relief. The motion is made after answer and is supported by affidavits with respect to some of the relief requested.

The action is by a former employee of the defendant suing on his own behalf and on behalf of other employees similarly situated to recover sums alleged to be payable by the defendant. The amended complaint contains three separate causes of action, namely, (1) for alleged breach of a labor agreement, (2) for alleged violation of the Fair Labor Standards Act of 1938, 29 U.S. C.A. §§ 201-219, and (3) for alleged violation of the Labor Law, Consol.Laws, c. 31, of the State of New York.

### First Course of Action.

The first cause of action is based on a labor agreement, entered into on January 16, 1942, between the defendant and a labor union, providing, among other things, as follows: "If an employee working on straight time or overtime is required to work continuously more than five hours without an opportunity for lunch or supper, as the case may be, he shall be entitled to receive a premium for all time worked beyond such five hours at the rate of one-half of his regular straight time base rate of pay, until he has an opportunity for lunch or supper, whereupon his right to such premium shall end".

The defendant is alleged to be a New York corporation, but there is no allegation with respect to the citizenship of the plaintiff or of the other employees on whose behalf the action is brought. The remaining allegations, in so far as relevant, are as follows: The plaintiff was employed by the defendant as a guard from November 9, 1942, until May 18, 1944; his shift was between 12 o'clock midnight until 8 a. m., the following day; his straight time base rate of pay was 86 cents an hour, plus 7% for night work, or, in all, 92 cents an hour; from November 9, 1942, to and including March 5, 1944, he was required to work on stated dates continuously more than five hours without an opportunity for lunch or supper; and he thereby became entitled to a premium for each of the hours worked on such days beyond five hours at the rate of one-half of his regular straight time base pay amounting to $807.30. Claim is also made for a premium payment from March 5, 1944, to the time of the termination of the plaintiff's employment on May 18, 1944. In addition to the amount sought by the plaintiff on his own behalf, it is alleged that he will ask the same relief upon the trial for such of the former and present guards "as shall hereafter and up to and including the trial of this action appoint the plaintiff as their agent for the purpose of obtaining said relief".

### Second Cause of Action.

The second cause of action repeats substantially all of the allegations of the first cause of action, and then alleges that the plaintiff and the other employees on whose behalf the action is brought are entitled to the benefits of the Fair Labor Standards Act of 1938, while employed as guards by the defendant. It is alleged that the labor agreement of January 16, 1942, "was made as therein set forth, in pursuance of the provisions of said Fair Labor Standards Act of 1938, and the provisions of said Fair Labor Standards Act thereby became a part of said agreement, in that the purpose of said Act was to eliminate labor conditions detrimental to the general welfare of workers, and a requirement that employees should work for more than five hours continuously without an opportunity for lunch or supper, as the case might be, would be dangerous to the health of said employees, and in violation of the purpose of said Act". It is then alleged that the plaintiff was required to work from No-

vember 9, 1942, to and including March 5, 1944, more than five hours without an opportunity for supper, that this was a violation of the Fair Labor Standards Act, that the plaintiff thereby became entitled to the premium, provided for in the labor agreement, amounting to $807.30, together with an additional equal amount as liquidated damages under the Fair Labor Standards Act, besides a reasonable attorney's fee.

### Third Cause of Action.

The third cause of action again repeats substantially all of the allegations of the first cause of action, and then alleges that under the Labor Law of the State of New York the plaintiff and the other employees, on whose behalf the action is brought, were entitled to at least forty-five minutes for a meal period at a time midway between the beginning and end of their employment; that the labor agreement was made "in pursuance of the provisions of said Labor Law * * * and said provisions became a part of said agreement"; that the plaintiff and the other employees, on whose behalf the action is brought, were not given any such meal period; and that the plaintiff and the other employees thereby became entitled to the premiums provided for in the agreement.

The prayer is for judgment for $1614.60 with interest, plus the premiums for the period from March 5, 1944, to May 18, 1944; for similar relief on behalf of such former and present employees similarly situated as shall hereafter appoint the plaintiff as their agent for the purpose of obtaining relief; and for a reasonable attorney's fee, as provided in the Fair Labor Standards Act.

The answer denies the material allegations of the complaint, and sets up various defenses. In some of these defenses it is alleged that the labor agreement referred to in the complaint contained a provision for arbitration of such claims as asserted by the plaintiff, that an arbitration thereof was in fact had pursuant to the agreement, and that an award was made determining the claims in favor of the defendant. In other defenses it is alleged that the court lacks jurisdiction of the subject matter of the first and third causes of action, and, further, that the second cause of action does not state a claim under the Fair Labor Standards Act. The affidavits submitted by the defendant fully support the allegations with respect to the arbitration and the determination of the claims in favor of the defendant.

1. The only possible basis of jurisdiction for the first and third causes of action is Section 24 (1) of the Judicial Code, 28 U.S.C.A. § 41 (1), which confers original jurisdiction on the district court "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and * * * (b) is between citizens of different States, * * *." In neither the first nor the third cause of action is there any allegation of diverse citizenship, and counsel for the plaintiff has conceded in his brief that "if it were not for the second cause of action, predicated upon a violation of the Fair Labor Standards Act, this court would be without jurisdiction over the first and third causes of action". It is the contention of the plaintiff that jurisdiction over the second cause of action is sufficient to hold both of the two other causes of action under the doctrine of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

2. It is well settled that the district court has jurisdiction under ·Section 24 (8) of the Judicial Code, 28 U.S.C.A. § 41 (8), of an action brought under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), irrespective of diverse citizenship or the amount involved. Williams v. Jackson Terminal Co. 315 U.S. 386, 62 S.Ct. 659, 86 L.Ed. 914. But does the second cause of action "really and substantially involve a controversy" under the Fair Labor Standards Act? See The Fair v. Kohler Die & Specialty Co. 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716. I think not. Stripped of unnecessary verbiage, the allegations amount to nothing more than that the plaintiff was required to work over five hours on stated dates without an opportunity for supper, and that this entitled the plaintiff to the premium called for by the labor agreement. Surely, these allegations do not state a claim for unpaid minimum wages or unpaid overtime compensation under Section 16(b) of the Fair Labor Standards Act. Moreover, it appears affirmatively from the complaint that the plaintiff has no claim whatever against the defendant for unpaid minimum wages or unpaid overtime compensation. The allegations charging violation of the Fair Labor Standards Act are "plainly wanting in substance" (Hurn v. Oursler, supra, 289 U.S. 238 at page 246, 53 S.Ct. 586, at page 589, 77 L.Ed. 1148), and there is no pos-

sible basis even for invoking the Hurn v. Oursler doctrine. Hurn v. Oursler, supra; Armstrong Co. v. Nu-Enamel Corporation, 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195.

The motion of the defendant to dismiss the amended complaint for lack of jurisdiction is granted. With this disposition, it will be unnecessary to pass on the other parts of the motion.