**DANDO v. STONHARD CO.**

No. 6431.

United States District Court
W. D. Missouri, W. D.

Oct. 4, 1950.

Marcy K. Brown, Jr., Kansas City, Mo.; for plaintiff.

Maurice J. O'Sullivan, John G. Killiger, Jr., Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This action was instituted under the provisions of Section 216(b), Title 29 U.S. C.A., relating to the general subject of Fair Labor Standards. It is provided by said subsection (b) that: "Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated * * *." In this case the amount in controversy is more than $3,000 and there is a diversity of citizenship. The defendant, therefore, claims the right of removal under the general removal statute.

It has been uniformly held in this court that cases arising under the above statute could not be removed where the amount in controversy was below $3,000. The question of removal where there is a diversity of citizenship and the amount in controversy is more than $3,000 has seldom been resolved. However, Judge Hulen of the Eastern District of Missouri, in Young v. Arbyrd Compress Co., 66 F.Supp. 241, reasoned ably and logically on the general question of removal and reached the conclusion that the statute was broad enough to comprehend all classes of cases involving liability in labor cases, and that it was the intent of the Congress that the general removal statute should not apply.

The late Judge Otis, in the case of Fredman v. Foley Bros., Inc., D.C., 50 F.Supp. 161, considered a situation identical with that here presented. There was a diversity of citizenship and the amount in controversy exceeded $3,000. Judge Otis interpreted the statute as did Judge Hulen in the Young case, supra, and remanded the case to the state court.

Subsequently the 8th Cir. Court of Appeals, in Johnson v. Butler Bros., 162 F.2d 87, 89, 172 A.L.R. 1157, held that an action under the Fair Labor Standards Act was not removable regardless of the amount in controversy or the fact that there was a diversity of citizenship. The court defined the intention of the Congress as follows: "However, it is our opinion that Congress, in providing that an 'action to recover such liability may be maintained in any court of competent jurisdiction * * *' and that 'The court in such action shall, in addition to any judgment awarded to the plaintiff * * *, allow a reasonable attorney's fee * * * and costs * * *,' intended not only that the action might be commenced in any court of competent jurisdiction, *but that it could be prosecuted to final judgment in the court in which it was commenced*." (Emphasis mine.)

The question is, therefore, no longer debatable and, upon the authority of Johnson v. Butler Bros., supra, the case should be remanded to the state court from which removed.