## KORELL v. BYMART, Inc.
### Civ. No. 12183.

United States District Court,
E. D. New York.
Nov. 15, 1951.

Louis Norris, New York City, for plaintiff.

Hughes, Hubbard & Reed, New York City, for defendant.

BYERS, District Judge.

This is a plaintiff's motion to remand a wage and hour case removed to this Court, from the Supreme Court of New York, Queens County, by the defendant.

The basis of the motion is that removal is incompatible with the provision of the Act concerning an action to remove thereunder which "may be *maintained* in any court of competent jurisdiction by any one or more employees * * *." 29 U.S.C.A. § 216(b), (Emphasis added.)

This contention has been examined so many times, and has led to such irreconcilable conclusions even within one district, that the citation of cases pro and con would not be helpful. The only one decided since the 1948 revision of Title 28 U.S.Code, seems to be Dando v. Stonhard Co., D.C., 93 F.Supp. 270, in which such a motion was granted, upon the authority of earlier decisions antedating the revision. The opinion contains no reference to the removal statute as now found in Title 28 U.S.C. § 1441, which took effect September 1, 1948: "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

The foregoing is the deliberate enactment of Congress, Presumably adopted with knowledge of what was written, for instance, in Johnson v. Butler Bros., 8 Cir., 1947, 162 F.2d 87, 172 A.L.R. 1157.

It would probably promote a speedy trial for this plaintiff, and certainly promote the convenience of this Court in moving its calendar, if this motion could be granted; if a discretionary power could be discovered in the statute, it would be summoned and exercised as plaintiff asks. Since there is none, it follows that the motion must be denied.

Settle order.