**ASHER**

v.

**WILLIAM L. CROW CONST. CO. et al.**

United States District Court
S. D. New York.
Nov. 13, 1953.

Hall, Cunningham & Haywood, New York City, Edwin Martenet, New York City, of counsel, for plaintiff.

Nevius, Brett & Kellogg, New York City, Stanley J. Norton, New York City, of counsel, for defendants.

GODDARD, District Judge.

This is a motion by plaintiff to remand this action to the City Court of the City of New York where it was commenced. The action was brought under the Fair Labor Standards Act, Title 29 U.S.C.A. § 216(b), to recover for regular time and overtime compensation. It was removed by defendant, pursuant to Section 1441 of Title 28 U.S.C.A. There is neither diversity of citizenship nor $3,000 in controversy.

The district court has jurisdiction of such an action regardless of the amount in controversy or the citizenship of the parties. Johnson v. Butler Bros., 8 Cir., 1947, 162 F.2d 87, 172 A.L.R. 1157; Timony v. Todd Shipyards Corp., D.C., 59 F.Supp. 779, affirmed, 2 Cir., 1945, 151 F.2d 336. However, whether such an action first brought in the state court is removable to the Federal Court has in the past been the subject of much disagreement in the decisions. Cf. cases cited in Johnson v. Butler Bros., supra, 162 F.2d at page 89. All those cases, however, including Sheridan v. Leitner, D.C., 59 F.Supp. 1011 and Steiner v. Pleasantville Constructors, Inc., D.C., 59 F.Supp. 1011, both decided in this district, antedate the 1948 revision of the United States Code.

Section 1441(a) Title 28 of the U.S. C.A., as revised in 1948, provides:

"Except as otherwise *expressly* provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed * * *."
[Emphasis added.]

The reviser's notes to Section 1441 state that this "section consolidates removal provisions of sections 71 and 114 of Title 28, U.S.C., 1940 ed., and is intended to resolve ambiguities and conflicts of decisions." The clause "except as otherwise expressly provided by Act of Congress" did not appear in the old Section 71.

In instances where Congress has seen fit to expressly provide otherwise, it has stated in plain terms that suit brought in a state court shall not be removed. E. g. Title 45 U.S.C.A. § 56; Title 15 U.S. C.A. § 77(v).

I have found only three cases involving the removability of actions under the Fair Labor Standards Act, which have been decided subsequent to the 1948 revision of the Code. Korell v. Bymart, Inc., D.C., 101 F.Supp. 185, denied remand on the ground that Section 1441(a) authorized removal. Dando v. Stonhard Co., D.C., 93 F.Supp. 270 and Maloy v. Friedman, D.C., 80 F.Supp. 290, granted remand. The latter cases, however, cited as authority decisions prior to the 1948 revision and apparently did not consider Section 1441(a). Moore's Commentary on the United States Judicial Code, at 215, states:

"And while it is not so definite, § 1441(a) probably allows removal of actions under the Fair Labor Standards Act, although the weight of authority has heretofore been opposed to that."

Plaintiff argues that it has been a Congressional policy to restrict rights of removal. But, as the court declared in Bradley v. Halliburton Oil Well Cementing Co., D.C., 100 F.Supp. 913, at page 915:

"However, assuming the intention of Congress has been to restrict jurisdiction of the federal courts, one cannot ignore the express language of the statutes."

The motion to remand is denied. Settle order on notice.