Russell SHEPPARD, Appellant,

v.

Barney CORNELIUS, trading as Barney Coal Company, and Leckie Smokeless Coal Company, Appellees.

Ray E. RHODES, Appellant,

v.

Joe COSTA, trading as Joe Costa Coal Company, and Leckie Smokeless Coal Company, Appellees.

No. 8486.

United States Court of Appeals Fourth Circuit.

Argued March 28, 1962.

Decided April 26, 1962.

James K. Edmundson, Beckley, W. Va., for appellants.

Joseph M. Holt, Lewisburg, W. Va., and George Richardson, Jr., Bluefield, W. Va., for appellees.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BRYAN, Circuit Judges.

HAYNSWORTH, Circuit Judge.

In these proceedings, filed under § 16 of the Fair Labor Standards Act,[1] the two plaintiffs assert a contractual claim to additional compensation by their employer. They had been paid at rates in excess of the minimum wages required by § 6 of the Act,[2] but they contend that their employment was governed by the National Bituminous Coal Agreement of 1950, as amended, and they claim they should have been compensated at the higher rate specified in that agreement. They worked no more than forty hours in any week, so that the requirements of § 7[3] are not involved.

The District Court granted summary judgment for the defendants on the ground that there was no cause of action under the Fair Labor Standards Act, and no other basis of federal jurisdiction.[4] We agree with the District Court.

By § 16(b) of the Fair Labor Standards Act, an employer may be held liable to an employee for unpaid wages due to have been paid under §§ 6 or 7 of the Act. The action may be maintained in any court of competent jurisdiction. Section 6 of the Act is violated, however, only if the actual rate paid is less than the minimum specified in that section. There is a violation of § 7 if compensation for hours worked in any week in excess of the maximum number is at a rate less than one and one-half the regular rate. Where overtime compensation is involved, of course, it is necessary to determine what the regular rate is, and, to do so, reference must be had to the rates prescribed in any applicable collective bargaining agreement. Payment of contract rates is not required by § 6, however, for hours worked in any week if they do not exceed the maximum fixed by § 7. If, therefore, the plaintiffs' employment was governed by the National Bituminous Coal Agreement of 1950, they may have an action founded upon the contract for unpaid wages, but they have not shown a violation of the Fair Labor Standards Act. Section 16 of that Act confers no jurisdiction upon this Court to adjudicate contractual claims for wages unless such adjudication is necessary to enforcement of the Act.[5]

The plaintiffs seek to support the jurisdiction of the Court by reference to § 301 of the Labor Management Relations Act.[6] That Act, of course, permits actions in the District Courts of the United States, without regard to the amount in controversy, by or against a

1. 29 U.S.C.A. § 216.

2. 29 U.S.C.A. § 206.

3. 29 U.S.C.A. § 207.

4. Sheppard v. Cornelius et al., D.C.S.D.W. Va., 194 F.Supp. 823.

5. If there was a violation of § 7 of the Act, and the court determined that the contract rate was the regular rate within the meaning of that Section, the court would not be limited to an award of compensation for the overtime hours worked. It could adjudicate the entire controversy by requiring payment of the contract rate for the first forty hours worked in each week and thus dispose of the entire controversy. When the court has jurisdiction of a federal claim under § 7 of the Act, it may proceed to adjudicate the closely related nonfederal contract claim for additional compensation during the first forty hours worked in any week. Manosky v. Bethlehem-Hingham Shipyard, Inc., 1 Cir., 177 F.2d 529, 534. When there has been no violation of the Fair Labor Standards Act, however, § 16 of that Act confers no jurisdiction upon the court to award any relief.

6. 29 U.S.C.A. § 185.

labor organization representing employees, for violations of collective bargaining agreements. It is now settled that the United States District Courts have jurisdiction to enforce the arbitration provisions of a collective bargaining contract at the instance of the recognized representative of the employees when the relief sought is additional compensation or benefits due the employees generally under other provisions of the contract.[7] Earlier, however, the Supreme Court had held there was no jurisdiction of ấn action brought by the recognized representative of the employees when the relief sought was additional compensation to individual employees alleged to be due under the terms of the collective agreement.[8] The Supreme Court found no congressional intention " * * * to open the doors of the federal courts to a potential flood of grievances based upon an employer's failure to comply with terms of a collective agreement relating to compensation, terms peculiar in the individual benefit which is their subject matter and which, when violated, give a cause of action to the individual employee. * * * " Enforcement of such rights was to be left to the individual employees.

 Here, the employees' representative, if there is one, is not a party to these actions. The Mine Workers are not here contending that they have a contract with the employers which the employers have violated. Jurisdiction, under § 301 of the Labor Management Relations Act, to adjudicate claims by or against a labor organization representing employees does not extend to the claims of two employees asserting in their own names individual rights to additional compensation under a contract which they claim to be applicable.

Individual rights, individually asserted, though stemming from a collective employment agreement and solely dependent upon it, cannot be enforced under § 301 of the Labor Management Relations Act. If there is substance in the rights asserted by these employees, the rights may be enforced through traditional actions brought in the state courts. There is no federal jurisdiction to enforce them.

Affirmed.

7. Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972; United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424; Textile Workers Union of America v. Cone Mills Corp., 4 Cir., 268 F.2d 920.

8. Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L. Ed. 510.