Notice: This opinion is subject to formal revision before publication in the
Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify
the Clerk of any formal errors in order that corrections may be made
before the bound volumes go to press.

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued April 2, 2004          Decided June 11, 2004

No. 03-7110

THE HERERO PEOPLE'S REPARATIONS CORPORATION, ET AL.,
APPELLANTS

v.

DEUTSCHE BANK, A.G. AND
WOERMANN LINE, D/B/A DEUTSCHE AFRIKA–LINIEN
GMBLT & COMPANY,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(01cv01868)

———

*Philip M. Musolino* argued the cause and filed the briefs
for appellants.

*Jeffrey Barist* argued the cause for appellee Deutsche
Bank, A.G. With him on the brief was *Jeffrey L. Nagel.*
*David S. Cohen* entered an appearance.

———

Bills of costs must be filed within 14 days after entry of judgment.
The court looks with disfavor upon motions to file bills of costs out
of time.

*Alan Kanzer* argued the cause for appellee Woermann Line. With him on the brief was *Torsten M. Kracht*. *Dwight C. Smith III* entered an appearance.

Before: Henderson, Randolph, and Roberts, *Circuit Judges*.

Randolph, *Circuit Judge*: Those who appeal the dismissal of their complaint for failure to state a claim ordinarily argue their claim has merit. In this case, the appellants seek to convince us their claim had far less merit than the district court believed; that it was, in fact, so insubstantial that federal question jurisdiction did not exist. A ruling to this effect would send the case back to the Superior Court of the District of Columbia where it began and would, appellants hope, prevent preclusion of a nearly identical complaint they filed in the Southern District of New York.

Appellants are the Herero Tribe of Namibia, members of the Tribe, and an association representing its interests. Their complaint alleged that in the late 19th and early 20th centuries Imperial Germany launched a campaign of atrocities against the Herero using torture, slavery, and genocide. The Herero sought damages from Deutsche Bank and Woermann Line, German companies whom they accused of participating in the atrocities.

The voluminous complaint, filed in Superior Court, did not identify the specific law supplying the cause of action. It did state that "[w]ell recognized principles of District of Columbia law, United States law, and international law provide this court with jurisdiction...." Later references to law mentioned the defendants' violations of "international law" and commission of "crimes against humanity."

Defendants removed the complaint to federal district court. The Herero moved to remand. They did not contest the existence of federal jurisdiction but merely questioned the formal adequacy of the removal petition. The district court denied the motion, ruling that the removal petition was adequate, and that the complaint's international law claims presented a federal question. The defendants then moved to

dismiss. The district court granted Woermann Line's motion to dismiss for lack of personal jurisdiction, FED. R. CIV. P. 12(b)(2), ruling that the company did not have sufficient contacts with the District of Columbia to satisfy the District's long-arm statute, D.C. CODE § 13–423. The following day, the court granted Deutsche Bank's motion to dismiss for failure to state a claim, FED. R. CIV. P. 12(b)(6), ruling that federal common law provides no private cause of action for violations of customary international law.[1]

The Herero argue that the absence of a cause of action deprived the district court of subject matter jurisdiction. They say that once the district court concluded no cause of action existed, it should have remanded the case to the Superior Court pursuant to 28 U.S.C. § 1447. Generally, the question whether a cause of action exists calls for a judgment on the merits, not jurisdiction. *Bell v. Hood*, 327 U.S. 678 (1946); *Silverman v. Barry*, 727 F.2d 1121, 1124–25 (D.C. Cir. 1984). If a plaintiff purports to assert a federal claim, the district court has federal question jurisdiction unless the claim is "immaterial and made solely for the purpose of obtaining jurisdiction or . . . wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. at 682–83. *See generally* 13B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3564 (2d ed. 1984). Since the Herero did not want to be in federal court, we can be confident that they did not assert an immaterial federal claim for the purpose of obtaining federal jurisdiction. The question therefore is whether their claim was "wholly insubstantial and frivolous."

Before we decide that question, we must determine whether the Herero actually raised any federal claims, substantial or otherwise. Unlike *Bell v. Hood*, the complaint in this case did not explicitly assert that the claims were grounded in federal law. But that cannot be dispositive. State law, like

---

[1] Some courts have held that the Alien Tort Act, 28 U.S.C. § 1350, provides such a cause of action. *See Al Odah v. United States*, 321 F.3d 1134, 1145–46 (D.C. Cir. 2003) (Randolph, J., concurring) (collecting cases). But the Herero explicitly disclaimed reliance on that statute.

the federal rules, may not require plaintiffs to identify the legal basis for their cause of action, so complaints arising under the laws of the United States, and thus removable under § 1441, will not necessarily mention federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Avco Corp. v. Machinists*, 390 U.S. 557 (1968); *Sylgab Steel & Wire Corp. v. Strickland Transp. Co.*, 270 F. Supp. 264 (E.D.N.Y. 1967) (Weinstein, J.). Several factors indicate that the Herero were asserting federal claims. First, international law was the only law the complaint accused the defendants of violating. Such claims would only be cognizable under federal law. *See Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 425–27 (1964). Second, in their motion to remand, the Herero did not deny they were asserting federal claims, and they did not suggest any non-federal claims they might otherwise be asserting. Third, in their oppositions to the motions to dismiss, the Herero explicitly asserted that their claims were founded on federal common law or international law. They presented no non-federal theories.

A claim is too "insubstantial and frivolous" to support federal question jurisdiction when it is "obviously without merit" or when "its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." *Hagans v. Lavine,* 415 U.S. 528, 538 (1974) (citations omitted); *Silverman*, 727 F.2d at 1124. It is not "insubstantial and frivolous" to assert that federal common law should provide a private cause of action for violations of customary international law. True, this circuit has not embraced the idea. *See Tel–Oren v. Libyan Arab Republic*, 726 F.2d 774, 779 n.4 (D.C. Cir. 1984) (Edwards, J.); *id.* at 799 (Bork, J.); *id.* at 823–27 (Robb, J.); *Al Odah v. United States*, 321 F.3d 1134, 1147–49 (D.C. Cir. 2003) (Randolph, J., concurring). But the Supreme Court has yet to rule on the subject, and the theory has received support in court decisions and law review articles. *See, e.g., Filartiga v. Pena–Irala*, 630 F.2d 876, 886–87 (2d Cir. 1980); *Hawkins v. Comparet–Cassani*, 33 F. Supp. 2d 1244, 1255 (C.D. Cal. 1999) (citing *Bivens v. Six*

*Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)), *rev'd in part on other grounds*, 251 F.3d 1230 (9th Cir. 2001); *White v. Paulsen*, 997 F. Supp. 1380, 1383–84 (E.D. Wash 1998) (same); Harold Hongju Koh, *Transnational Public Law Litigation*, 100 YALE L.J. 2347, 2385–86 (1991); Kenneth C. Randall, *Federal Questions and the Human Rights Paradigm*, 73 MINN. L. REV. 349 (1988). That makes this case indistinguishable from *Bell v. Hood*. In both cases, the complaints alleged clear violations of law – there the Fourth Amendment, here customary international law – presenting only the previously unresolved question whether federal common law provided a remedy.

The Herero rely on the fact that, in *Tel-Oren*, Judges Edwards and Bork characterized their rejection of the federal common law theory as jurisdictional. *Id.* at 779 n.4 (Edwards, J.); *id.* at 799 (Bork, J.). However, the merits-jurisdiction distinction did not arise in that case, and neither judge sought to distinguish *Bell* or to apply its "insubstantial and frivolous" exception. "[I]t is impossible to believe that the Court intended by mere stroke of the pen to obliterate a distinction [between jurisdiction and merits] that it had consistently drawn for many decades." *Fogel v. Chestnutt*, 668 F.2d 100, 107 (2d Cir. 1981) (Friendly, J.) (referring to *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136 (1980)). Instead, it appears the *Tel-Oren* opinions were written as if the line between jurisdiction and merits was unimportant to the outcome. *See id.* at 105–07.

The complaint in this case also stated an arguable claim under the Alien Tort Act, 28 U.S.C. § 1350. While this court has not decided exactly what the Alien Tort Act means, *see Al Odah v. United States*, 321 F.3d 1134, 1145–50 (D.C. Cir. 2003) (Randolph, J., concurring), it is not frivolous to assert that it creates a cause of action. Several other circuits have ruled that it does. *See id.* at 1145–46 (collecting cases). After removal, the Herero sought to disclaim reliance on the Alien Tort Act. But a plaintiff's change in legal theory cannot defeat jurisdiction if a federal question appeared on the face of the complaint. *See Felice v. Sever*, 985 F.2d 1221 (3d Cir. 1993). The complaint here stated a nonfrivolous

federal claim under one theory or another, and the district court therefore did not err in ruling on the merits.[2]

The Herero also appeal the dismissal of Woermann Line for lack of personal jurisdiction.[3] They argue the district court could have exercised its "universal jurisdiction" over the company. Universal jurisdiction is a doctrine of international law allowing states to define and punish certain crimes considered to be of "universal concern." *See United States v. Rezaq*, 134 F.3d 1121, 1133 (D.C. Cir. 1998); RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW OF THE UNITED STATES § 404 (1987). Even if the concept applied in a civil case without any authorizing statute, under our system a federal court generally cannot exercise personal jurisdiction over a defendant unless FED. R. CIV. P. 4 authorizes service of process. *Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987). The Herero no longer allege that jurisdiction is appropriate under the District of Columbia long-arm statute, *see* FED. R. CIV. P. 4(k)(1)(A), nor do they allege that service is "authorized by a statute of the United States," *see* FED. R. CIV. P. 4(k)(1)(D). While they do argue that jurisdiction exists under FED. R. CIV. P. 4(k)(2), they did not raise that point below.

---

[2] The Herero argue that, even so, the district court abused its discretion by denying them leave to amend the complaint to meet the defendants' objections. But the Herero never properly moved to amend, either before or after the district court's decision. *See Gov't of Guam v. Am. President Lines*, 28 F.3d 142, 149–51 (D.C. Cir. 1994); *Confederate Mem'l Ass'n v. Hines*, 995 F.2d 295, 299–300 (D.C. Cir. 1993).

[3] Woermann Line suggests that, if we affirm the district court's Rule 12(b)(6) dismissal, we need not reach the personal jurisdiction issue. However, Woermann Line's dismissal for lack of personal jurisdiction came before the district court's ruling on the merits. Since Woermann Line was not a party when the district court dismissed the complaint, the second ruling has no effect on its dispute with the Herero. If Woermann Line wanted to enjoy the possible preclusive effects of the 12(b)(6) dismissal, it should have waived lack of personal jurisdiction.

This leaves the Herero without a statutory basis for asserting jurisdiction over Woermann Line.

*Affirmed.*