# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Decided March 24, 2006

No. 05-7124

ESTHER FERNANDEZ,
APPELLANT

v.

CENTERPLATE/NBSE, FORMERLY KNOWN AS VOLUME
SERVICES AMERICA,
APPELLEE

———

On Motion for Summary Affirmance

———

Appeal from the United States District Court
for the District of Columbia
(No. 04cv00809)

———

*Maurice Baskin* filed the motion for summary affirmance
for appellant. With him on the briefs was *Brian Hudson*.

*Barbara B. Hutchinson* filed the opposition for appellee.

Before: SENTELLE, HENDERSON, and GRIFFITH, *Circuit
Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: We grant the motion for summary affirmance by appellee Centerplate/NSBE, Inc. ("Centerplate"), although we do so, in part, for different reasons than the District Court stated in dismissing the claims of appellant Esther Fernandez. Fernandez filed a complaint seeking overtime compensation for hours she worked in excess of eight per day and forty per week for Centerplate, invoking federal subject matter jurisdiction under the Fair Labor Standards Act, 29 U.S.C. § 207 (the "FLSA" or "Act"). Centerplate introduced evidence demonstrating that it paid Fernandez overtime compensation for hours worked in excess of forty per week. Fernandez did not contest that evidence, which only left in dispute her claim that Centerplate failed to pay overtime for hours worked in excess of eight per day. Because the FLSA requires employers to pay overtime compensation for time worked in excess of forty hours per *week*, but not for time worked in excess of eight hours per *day*, the District Court concluded, and we agree, that Fernandez does not have a claim under the FLSA. Although the District Court dismissed this claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), we convert that dismissal to a grant of summary judgment in favor of Centerplate because it was predicated upon Centerplate's undisputed evidence demonstrating that Fernandez was paid overtime for all hours worked in excess of forty per week.

Fernandez argues nevertheless that the FLSA provides federal jurisdiction to hear her additional claim that Centerplate's alleged failure to pay overtime for hours worked in excess of eight per day violated an applicable collective bargaining agreement. A breach of a collective bargaining agreement may make out a contract claim, but it does not by itself raise a federal question under the FLSA. We affirm the District Court's dismissal of this claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

3

**I.**

Fernandez's complaint alleges that Centerplate violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay her time-and-a-half compensation for hours worked in excess of eight per day and forty per week. Centerplate moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), for failure to state a claim pursuant to Rule 12(b)(6), or, alternatively, for summary judgment pursuant to Rule 56. Centerplate argued that Fernandez had, in fact, been paid overtime for all hours worked in excess of forty per week and that the FLSA did not require it to pay Fernandez overtime for hours worked in excess of eight per day. Centerplate proffered a declaration by its Director of Human Resources, who attested that Fernandez received overtime compensation for all hours worked in excess of forty per week. In response, Fernandez conceded that she was paid overtime compensation for all hours worked in excess of forty per week. Fernandez nonetheless maintained that Centerplate violated an agreement with her union and thereby violated the FLSA by failing to pay overtime compensation for hours she worked in excess of eight per day.

The District Court dismissed the complaint pursuant to Rule 12(b)(1) for lack of federal subject matter jurisdiction. Relying upon Centerplate's undisputed declaration and Fernandez's concession that she had, in fact, been paid overtime for time worked in excess of forty hours per week, the District Court ruled that Centerplate had not violated the FLSA and therefore Fernandez failed to establish federal question jurisdiction. In response to Fernandez's argument that Centerplate's alleged failure to pay overtime for work in excess of eight hours per day violated an agreement with her union and provided a ground for jurisdiction under the FLSA, the District Court concluded that, although Fernandez "frames her allegations [in her complaint]

as a claim under the FLSA," the entire dispute "amounts to nothing more than a claim under the collective bargaining agreement between the Hotel & Restaurant Employees Local 25 Union and Centerplate." *Fernandez v. Centerplate/NBSE, Inc.*, No. 04-0809, Slip Op. at 10, 2005 WL 3273370, at *5 (D.D.C. Aug. 1, 2005). The District Court agreed with a series of cases holding that breach of an employment contract alone does not raise a federal question under the FLSA. *See Dufrene v. Browning-Ferris, Inc.*, 207 F.3d 264, 269 (5th Cir. 2000); *Sheppard v. Cornelius*, 302 F.2d 89, 90-91 (4th Cir. 1962); *Timony v. Todd Shipyards Corp.*, 59 F. Supp. 779, 780 (S.D.N.Y. 1945). "[A]bsent a claim under the FLSA," the District Court noted, "no federal question exists, and . . . this Court does not have subject matter jurisdiction over the dispute in this case." *Id.* at 10 & n.5, 2005 WL 3273370, at *6 & n.5. Fernandez filed a timely notice of appeal, invoking our jurisdiction under 28 U.S.C. § 1291. Centerplate now moves for summary affirmance.

## II.

With exceptions not relevant here, Section 7 of the FLSA requires employers to pay overtime compensation for time worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(1). The Act does not provide, however, for payment of overtime compensation for work exceeding eight hours per day. Centerplate's affidavit establishes that it paid Fernandez for all hours worked in excess of forty per week, and Fernandez conceded the affidavit is accurate in that respect. Thus, there is no material dispute of fact regarding whether Centerplate violated Section 7 of the FLSA.[1]

---

[1] Fernandez argues that a Department of Labor regulation, 29 C.F.R. § 778.102, "brought unpaid overtime compensation for hours worked in excess of a daily rate . . . under the coverage of the FLSA."

The District Court focused on Fernandez's related claim that Centerplate violated an agreement with her union. After concluding that, contrary to Fernandez's suggestion, the FLSA did not provide jurisdiction to adjudicate that claim, the District Court dismissed this entire case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject matter jurisdiction. Relying upon *Equal Employment Opportunity Commission v. St. Francis Xavier Parochial School,* 117 F.3d 621 (D.C. Cir. 1997), Fernandez argues that the District Court erred in dismissing her complaint under Rule 12(b)(1) because, under *St. Francis Xavier,* her "claim arises under the laws of the United States and is neither 'immaterial and made solely for the purpose of obtaining jurisdiction' nor 'wholly insubstantial and frivolous.'" *Id.* at 623 (quoting *Bell v. Hood,* 327 U.S. 678, 682-83 (1946)). We agree.

As the Supreme Court determined in *Bell v. Hood*:

> Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has

---

Contrary to Fernandez's suggestion, § 778.102 does no such thing. The portion of § 778.102 relevant here simply provides that "[n]othing in the [FLSA] . . . will relieve an employer of any obligation he may have assumed by contract." A regulation stating that a federal law does not relieve an employer of burdens imposed by a contract has no relevance to whether the federal law provides a basis for enforcing the contract.

assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

327 U.S. at 682. Applying *Bell*, the Supreme Court recently concluded that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245, __ U.S. __, __ (2006). Unless "the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional," such a limitation "is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Id.* In *Arbaugh*, the Court concluded that a provision of Title VII addressing which employers are covered by the statute is "not a jurisdictional issue" but merely "an element of a plaintiff's claim for relief" because the provision "'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" *Id.* (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)). *Arbaugh* applied the same analysis as *St. Francis Xavier* and this Court's prior precedent. *See St. Francis Xavier*, 117 F.3d at 624 ("Nothing in Title VII (or the ADA) expressly limits the district court's subject matter jurisdiction."); *see also Haddon v. Walters*, 43 F.3d 1488, 1490-91 (D.C. Cir. 1995).

While the merits of Fernandez's FLSA claim turn on whether she was paid for hours worked in excess of forty per week, nothing in the FLSA suggests that a failure to prove this particular element of her cause of action requires a dismissal for lack of jurisdiction. Fernandez's claim that she was not paid overtime for work in excess of forty hours per week arose under the laws of the United States and "stated a nonfrivolous federal claim." *Herero People's Reparations Corp. v. Deutsche Bank,*

*A.G.*, 370 F.3d 1192, 1195 (D.C. Cir. 2004); *see Arbaugh*, 126 S. Ct. at 1244 n.10, __ U.S. at __ n.10; *Bell*, 327 U.S. at 682-83. It is true that Centerplate's undisputed affidavit and Fernandez's subsequent concession established that she was paid the overtime required by the FLSA and that Centerplate did not violate the Act. But that makes resolution of this claim no more than a matter for summary judgment. The District Court should have granted Centerplate summary judgment. Where "the defendant's motion to dismiss requested summary judgment in the alternative to dismissal . . . , and if summary judgment is the correct disposition, we may convert and affirm on those grounds." *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1041 (D.C. Cir. 2003) (parenthetically quoting *Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997)); *see also Fraternal Order of Police Dep't of Corr. Labor Comm. v. Williams*, 375 F.3d 1141, 1144 (D.C. Cir. 2004)*; Haddon*, 43 F.3d at 1491. We do so here and convert the District Court's dismissal of Fernandez's FLSA claim to a grant of summary judgment in favor of Centerplate under Federal Rule of Civil Procedure 56.

We still must address Fernandez's argument that the FLSA provides federal question jurisdiction to review Centerplate's alleged breach of a collective bargaining agreement. No violation of the FLSA has been committed and the FLSA does not, as several courts have noted, contain a provision authorizing enforcement of a collective bargaining agreement. *See Dufrene*, 207 F.3d at 269; *Sheppard*, 302 F.2d at 90; *Timony,* 59 F. Supp. at 780. As Fernandez only alleges the FLSA as the source for federal subject matter jurisdiction over her dispute regarding the collective bargaining agreement, we agree with the District Court that this claim must be dismissed for lack of subject matter jurisdiction.

### III.

For the foregoing reasons, we grant Centerplate's motion for summary affirmance. We convert the District Court's dismissal of Fernandez's claim under Section 7 of the FLSA, 29 U.S.C. § 207, to a grant of summary judgment in favor of Centerplate and affirm. We affirm the dismissal for lack of subject matter jurisdiction of Fernandez's collective bargaining agreement claim.

*So ordered.*