[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-16247
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00109-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADELSO TORRES GARCIA,

Defendant-Appellant.

_____

No. 05-10666
Non-Argument Calendar
_____

D. C. Docket No. 04-00109-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR MANUEL GARCIA Y GARCIA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(May 16, 2006)**

Before BIRCH, BLACK, and BARKETT, Circuit Judges.

PER CURIAM:

Adelso Torres Garcia ("Torres") and Oscar Manuel Garcia y Garcia

("Garcia") appeal their convictions for possession with intent to distribute cocaine

while aboard a vessel subject to the jurisdiction of the United States. The Piracies

and Felonies on the High Seas Clause of the Constitution ("the High Seas Clause")

granted Congress the power to define and punish offenses committed on the high

seas, and we have not required a nexus between the United States and offense

conduct under the Maritime Drug Law Enforcement Act ("MDLEA") or its

predecessor statute. We AFFIRM their convictions.

## I. BACKGROUND

Torres and Garcia were indicted for, <u>inter alia</u>, possession with intent to

distribute cocaine while aboard a vessel subject to the jurisdiction of the United

States, in violation of 46 App. U.S.C. § 1903(a), (g), and 21 U.S.C.

§ 960(b)(1)(B)(ii). R1-1 at 1-3. Garcia and Torres, who are both natives and

2

citizens of Guatemala, were aboard the "El Almirante," a Guatemalan registered boat, which the U.S. Coast Guard intercepted and boarded in international waters. The Coast Guard discovered more than 2,500 kilograms of cocaine aboard the El Almirante.

Garcia and codefendant Erick Armando Aguilar Ramirez filed a "Motion to Dismiss the Indictment for Lack of Subject Matter Jurisdiction"; Torres adopted the motion. R1-101, 112, 119. In the motion, Garcia argued that Congress exceeded its powers by enacting the MDLEA, under which it purported to criminalize drug smuggling by foreign nationals aboard foreign vessels. Following a hearing, the district court denied the motion. R1-140. Specifically, the district court found that Congress's enactment of the MDLEA was a constitutional exercise of power pursuant to the Clause, and, while the Clause did not give Congress the power to criminalize all conduct on the high seas, it also did not limit Congress's extraterritorial power as to those felonies only with a nexus to the United States. Id. at 2-8. The district court also found, however, that drug trafficking constituted an offense against the law of nations, and thus empowered Congress to criminalize it pursuant to the Clause. Id. 9-11.

Garcia and Torres subsequently entered conditional guilty pleas, reserving their rights (1) to appeal the denial of their motion to dismiss the indictment, and

(2) if successful on appeal, to withdraw their pleas. Torres was sentenced to serve a term of imprisonment of 135 months, and Garcia was sentenced to serve 168 months.

On appeal, they argue that Congress exceeded its constitutional authority by punishing offenses committed in international waters by foreigners aboard a foreign vessel and that Congress's authority was limited to criminalizing certain offenses.

## II. DISCUSSION

Torres contends that (1) the only source of constitutional authority for the Maritime Drug Law Enforcement Act is the High Seas Clause, which granted Congress the authority to define and punish piracy, felonies, and offenses against the law of nations committed on the high seas; (2) the meanings of "felonies" and "piracy" within the High Seas Clause are not synonymous; and (3) the authority to define and punish felonies is more limited in its extraterritorial scope than the authority to punish piracy. Appellant Torres' Brief at 4-6. Specifically, he asserts that, because piracy is the only "universal jurisdiction" offense, only piracy may be punished regardless of the nexus between the United States and the offender or the vessel. Id. at 6-8. Next, he argues that the purpose of the High Seas Clause was not to give Congress "general legislative authority over international waters," but

4

to vest authority over United States vessels and nationals in the federal, rather than state, government. Id. at 8-9. Finally, Torres asserts that drug smuggling is not a universal jurisdiction offense because (1) it is not an international law crime, (2) it is not so shocking that it makes all jurisdictional limits moot, (3) only war crimes, genocide, and piracy are universal jurisdiction offenses, and (4) Congress, when enacting the MDLEA, did not expressly declare that it was legislating under its power to define international law offenses.

Garcia asserts that Congress has the authority to criminalize only the following offenses occurring on the high seas: (1) piracy, as universally defined; (2) felonies committed by a person aboard a stateless vessel; and (3) felonies committed by or against a United States citizen. He contends that a vessel flying a foreign flag remains under the jurisdiction of that nation, which Congress has no authority to legislate. He asserts that the High Seas Clause was intended only to ensure that American citizens traveling on the high seas were subject to uniform criminal laws. Garcia also notes that those cases upholding the MDLEA's predecessor statute all dealt with stateless vessels. He then compares the nexus requirement imposed by due process principles with that imposed by the High Seas Clause, noting that they are distinct concepts and that other courts' discussions of due process requirements do not necessarily inform the analysis here. Next, Garcia

5

argues that the "protective principle" of international law, which we have held provides a basis for the extraterritorial application of the MDLEA, also requires a nexus between the offense conduct and the United States. Appellant Garcia's Brief at 25-26. Finally, he asserts that drug smuggling is not an offense against the law of nations as it is private conduct which cannot constitute such an offense.

"We review the constitutionality of a statute de novo." United States v. Ballinger, 395 F.3d 1218, 1225 (11th Cir. 2005) (en banc). The MDLEA makes it "unlawful for any person on board a vessel . . . subject to the jurisdiction of the United States . . . to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance." 46 App. U.S.C.A. § 1903(a). A vessel subject to the jurisdiction of the United States is defined as, inter alia, "a vessel registered in a foreign nation where the flag nation has consented or waived objection to the enforcement of United States law by the United States." Id. at § 1903(c)(1)(C).

The High Seas Clause grants Congress the power "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const. art. I, § 8, cl. 10. While we have not addressed the precise question raised here and while there is little case law interpreting the scope of the High Seas Clause, other circuits have upheld the constitutionality of the MDLEA.

Without specifically discussing the High Seas Clause's limits, the Ninth Circuit held that the MDLEA was a constitutional exercise of Congressional power pursuant to the High Seas Clause. United States v. Moreno-Morillo, 334 F.3d 819, 824 (9th Cir. 2003) (citing United States v. Davis, 905 F.2d 245, 248 (9th Cir. 1990), and United States v. Aikins, 946 F.2d 608, 613 (9th Cir. 1990)). The Third Circuit also held that the High Seas Clause provided Congress with the authority to enact the MDLEA and criminalize drug trafficking on the high seas, regardless of whether a nexus to the United States existed. United States v. Martinez-Hidalgo, 993 F.2d 1052, 1056 (3rd Cir. 1993).

We have previously rejected the argument that the MDLEA is unconstitutional because the conduct at issue lacks a nexus to the United States. United States v. Rendon, 354 F.3d 1320, 1325 (11th Cir. 2003), cert. denied, 541 U.S. 1035, 124 S. Ct. 2110 (2004); see also United States v. Marino-Garcia, 679 F.2d 1373, 1383 (11th Cir. 1982) (holding that the predecessor statute to § 1903, 21 U.S.C. § 955a, did not require a nexus between stateless vessels and the United States). We have also observed that Congress has power to enact legislation pursuant to the "protective principle" of international law. United States v. Gonzalez, 776 F.2d 931, 939 (11th Cir. 1985). "Universal jurisdiction is a doctrine of international law allowing states to define and punish certain crimes considered

to be of 'universal concern.'"  Herero People's Reparations Corp. v. Deutsche Bank, A.G., 370 F.3d 1192, 1196 (D.C. Cir.), cert. denied, 543 U.S. 987, 125 S. Ct. 508 (2004).  In contrast, the protective principle "permits a nation to assert jurisdiction over a person whose conduct outside the nation's territory threatens the nation's security or could potentially interfere with the operation of its governmental functions."  Gonzalez, 776 F.2d at 938.  "The protective principle does not require that there be proof of an actual or intended effect inside the United States.  The conduct may be forbidden if it has a potentially adverse effect and is generally recognized as a crime by nations that have reasonably developed legal systems."  Id. at 939.  Congress enacted the MDLEA because drug trafficking aboard vessels (1) "is a serious international problem and is universally condemned" and (2) "presents a specific threat to the security and societal well-being of the United States."  46 App. U.S.C. § 1902.  For these reasons, Congress could properly enact the MDLEA under the Constitution.

### III.  CONCLUSION

Because the High Seas Clause granted Congress the power to define and punish offenses committed on the high seas and because we have not required a nexus between the United States and the offense conduct under the MDLEA or its predecessor statute, we affirm the district court.

8

**AFFIRMED.**