**Wally M. DEROSE, Appellant**

v.

**Condoleezza RICE and Department of State, Appellees.**

No. 06–5111.

United States Court of Appeals, District of Columbia Circuit.

May 4, 2007.

Lawrence Berger, Mahon & Berger, Glen Cove, NY, for Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, Heather Graham–Oliver, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: ROGERS, TATEL and GARLAND, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

**ORDERED** and **ADJUDGED** that the judgement of the district court be affirmed.

This is an appeal from the grant of summary judgment to the State Department on appellant's complaint that the Department failed to comply with a final agency decision to expeditiously reappoint him to a position as a Security Officer and to afford him certain back pay and enhanced retirement benefits. This claimed relief was based on the Department's determination that in refusing to reappoint him it had violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a. In the final agency decision, the Department allowed for the possibility that

appellant might not now be eligible for reappointment based on security, suitability, or fitness grounds. Sixteen months after the issuance of the decision, the Department offered to reappoint appellant to his former position. When the Equal Employment Opportunity Commission ("EEOC") rejected his claim that the Department had failed fully to comply with the final agency decision, appellant filed a lawsuit (styled as an "enforcement action" under the ADEA) against the Secretary and the Department.

The court has jurisdiction of the appeal. *See Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Fernandez v. Centerplate/NBSE,* 441 F.3d 1006, 1008–09 (D.C.Cir.2006). Assuming that there is a cause of action under the ADEA to enforce a final agency decision inasmuch as the statutory language of the ADEA, 29 U.S.C. § 633a, is even broader than that under Title VII, 42 U.S.C. § 2000e–16(c), *cf. Scott v. Johanns,* 409 F.3d 466, 469 (D.C.Cir.2005); *Wilson v. Pena,* 79 F.3d 154, 167–68 (D.C.Cir.1996), we hold, upon de novo review, that appellant has failed to demonstrate that summary judgment was inappropriately granted. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). He offers no evidence that his reappointment was conditioned upon his prior completion of a basic training course; indeed, correspondence from his counsel defeats his suggestion of such a condition. Nothing in the final agency decision barred the Department from assigning appellant to a training course after his absence for more than a decade. Appellant also proffers nothing as would demonstrate a material issue of disputed fact as to whether the Department failed "expeditiously" to offer reappointment. A number of steps had to be completed regarding his security clearance, suitability, and fitness in order to determine his eligibility for reappointment; the offer of reappointment came less than

one month after he completed his medical examination. Finally, appellant fails to proffer evidence that would show he is eligible for an enhanced pension based on twenty years of service.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.